**\*43632**      Only the Westlaw citation is currently available.

Superior Court of Connecticut, Judicial District of Tolland, at Rockville.

**Clovis JOHNSON**

v.

**WARDEN, STATE PRISON.**

No. CV 92 1603 S.

Jan. 27, 1995.

*MEMORANDUM OF DECISION*

SFERRAZZA, Judge.

**\*\*1**  This is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after pleas of guilty, for manslaughter first degree, in violation of General Statutes § 53a-55a(a); carrying a pistol without a permit, in violation of General Statutes § 29-35; and altering the identification number on a pistol, in violation of General Statutes § 29-36, upon which judgment the petitioner received a total, effective sentence of twenty-seven years incarceration.

The petitioner claims his confinement is unlawful because he misunderstood the sentence to be recommended by the prosecutor in exchange for his agreement to change his pleas to guilty. Specifically, the petitioner avers that he believed the plea agreement called for a recommended sentence of twenty-seven months instead of twenty-seven years.

The petitioner testified at the habeas hearing that he emigrated to the United States from his native Jamaica. In Jamaica he attended school through the third or fourth grade. He indicated that his primary language was a Jamaican patois and that he encounters difficulty communicating with and comprehending English speakers from the United States. He further remarked that his trial counsel, Attorneys Beth Merkin and Jerome Rosenblum, instructed him that he should ask no questions of the trial court during the judge's canvass of his guilty pleas, but he was to respond to the judge's questions with answers supplied to him by counsel. He also stated that he first learned that the length of his sentence was twenty-seven years after he arrived at Somers prison.

Rosenblum also testified at the habeas hearing. He related that, although the petitioner's accent required Rosenblum to listen carefully when the petitioner

spoke, he was able to communicate smoothly and effectively with the petitioner. Rosenblum stated that he was lead counsel and engaged in numerous conversations with the petitioner concerning his case. Rosenblum noted that the prosecution had made an offer to recommend twenty-five years to serve early on in the case, that Rosenblum conveyed this offer to the petitioner, and that the petitioner rejected the offer. After jury selection began, the petitioner decided to change his plea. At that point, the prosecution was willing to recommend a sentence of twenty years to serve on the manslaughter count, five years on the carrying without a permit, and two years on the altered identification number count, consecutive to each other, for a total, effective sentence of twenty-seven years incarceration. Rosenblum added that he explained this offer to the petitioner in detail and that, contrary to the petitioner's testimony, the petitioner correctly understood the terms of the offer.

He also related that he requested no interpreter because the petitioner did not need one. Rosenblum denied that, at the plea hearing, the petitioner merely regurgitated answers fed to him by Rosenblum or anyone else.

**\*\*2.**  The court has reviewed the transcripts of the plea and sentencing hearings (Petitioner's Exhibits A and B). When the trial court inquired as to the petitioner's understanding of the proposed plea agreement, the court employed the words "year" or "years" seven times (Petitioner's Exhibit A, pp. 18 and 19). During the sentencing hearing, the prosecutor reiterated the specific terms of the recommended sentence and used the word "years" four times (Petitioner's Exhibit B, p. 2). In pronouncing the sentence, the court also spoke the word "years" four times (Petitioner's Exhibit B, pp. 4 and 5). At no time during the plea canvass or sentencing proceeding did the petitioner object to, seek clarification of, or voice confusion over the stated agreement.

Credibility is for the trier-of-fact to determine. The court finds Rosenblum's version of events to be credible and accurate, and the court finds that the petitioner knew the plea agreement called for a total, effective sentence recommendation of twenty-seven years to serve. The petitioner conceded that, at the time he pleaded guilty, he understood the difference between the English words "year" and "month." Also at that time the petitioner was serving another prison sentence of eight years, suspended after four years for a narcotics conviction. It strains credibility

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

to suggest that the petitioner believed he was to receive a lesser sentence for intentionally shooting and killing a person than for a narcotics violation. In short, based on all the evidence adduced, the court disbelieves the petitioner's claim that he misunderstood the plea agreement and recommended sentence.

The burden of proof in a habeas corpus case is on the petitioner to establish his claim of illegal confinement by a preponderance of the evidence, *Paulsen v. Manson,* 193 Conn. 333, 337 (1984). The petitioner has failed to meet this burden. For the above reasons, the petition is dismissed.

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

ys.

en, State Prison

s office

○ Court

oklyn Street

ille, Connecticut. 06066

PETITION FOR CERTIFICATION, ( FORM ENCLOSED)
STATES MUST BE FILED. WITHIN 10 DAYS
FROM THE DATE OF DECISION. THE COURT
INDICATED THAT YOU CAN APPEAL HIS ~~DECISION~~
DENIAL.
3/6/95
ELI SHONT
ASSISTANT CLERK

Pursuant to Connecticut Rules of Court Section 4166 C.
ification Shall be made to the Judge who Tried the case within ten
s from the issuance of the notice of certification.

Petitioner case was denied January 27, 1995.

itioner never receive mail until approximately January 31, 1995 or
bruary 1, 1995.

itiones get the notice of certification and mail it out to the court
○ ebruary 8, 1995; which was well within the time limit setforth by this
orable Court.

Connecticut Rules of Court Section 4010
Expiration of Time limitation states:

st day shall and first day shall not be counted, Time Shall be
unted by Calender and not by working days.

See this bee. 11 .... ..

EXHIBIT
D 1

Exhibit
B1

NO. CV92-0001603S : APPELLATE COURT

CLOVIS JOHNSON : STATE OF CONNECTICUT

V.

COMMISSIONER OF CORRECTION : JULY 17, 1996

ORDER

THE PREAPPEAL MOTION OF PLAINTIFF, FILED MAY 14, 1996, TO PERMIT THE LATE FILING OF PETITION FOR CERTIFICATION WHICH THE COURT TREATS AS A MOTION FOR PERMISSION TO FILE A LATE APPEAL HAVING BEEN PRESENTED TO THE COURT, IT IS HEREBY

ORDERED    DISMISSED.

BY THE COURT,

ASSISTANT CLERK-APPELLATE

NO. PSC-98-0278

Clovis Johnson
       v.
Commissioner of Correction

## ORDER ON PETITION FOR CERTIFICATION TO APPEAL

On consideration of the petition by the petitioner Clovis Johnson for certification to appeal from the Appellate Court, it is hereby ordered that said petition be, and the same is hereby denied.

BY THE COURT,

*Alen M. Gannuscio*

ASSISTANT CLERK-APPELLATE

Dated: April 14, 1999
Notice sent: April 14, 1999
Clerk, Superior Court, Tolland , CV92-0001603S
Clerk, Appellate Court
Reporter of Judicial Decisions
SAO
Clovis Johnson, pro se
Office of the State's Attorney-New Haven

<u>Clovis Johnson</u>, pro se, in support of petition.

dcm

*211932      Only the Westlaw citation is currently available.

Superior Court of Connecticut.

**Clovis JOHNSON,**
v.
**WARDEN.**
No. CV 960563626.
April 17, 1998.

Memorandum of Decision

CORRIGAN, JTR.

**1 The petitioner brings this petition for a writ of habeas corpus alleging in the first count that his criminal trial attorney, Jerome Rosenblum and Beth Merkin, were ineffective in that they coerced him to terminate his jury trial in that his eyewitness, Glen Jackson who gave an affidavit that the petitioner who struggled for the gun with which the victim was trying to shoot the petitioner when it accidently went off, would not be believed. In the second count he alleges that the judge who took his plea promised as a part of the plea agreement that he would be credited with all his jail credit from the time that he was incarcerated as a result of this arrest amounting to 1 year and 7 months credit even though he was already a sentenced prisoner, and that he has not been given that credit. In the third count he alleges that his habeas counsel, John R. Williams assisted by his associate, Attorney Norman Pattis, was ineffective in that he only alleged one claim, that is, that he was not fluent in the English language when he was canvassed, resulting in the failure to know that he was pleading to the offenses for a bargained sentence of twenty-seven (27) years.

The petitioner produced the testimony of Attorney Williams and Attorney Merkin. Williams testified that he did not raise as an issue in the petition for a writ of habeas corpus for the petitioner brought earlier, the alleged eye-witness, Glen Jackson's account of the incident, *Petitioner's Exhibit 5*, because it was not consistent with the police evidence and the other eyewitnesses at the scene. He further testified that Jackson was known to him from previous contact and was not a credible person and was lying about the event. Ms. Merkin testified that the petitioner had produced that Glen Jackson was an eyewitness who would corroborate the petitioner's account of the shooting of Sharon Little who was shot in the apartment behind a closed apartment door when she drew the gun from her bra and in the struggle with the petitioner for the gun was shot. She found not only

was Jackson vague as to where he was during the incident, but both Jackson and her client gave an account different from the state's eye-witnesses to the event who she found credible but also other police evidence from the scene such as that the victim was not wearing a bra and the location of the shell casing at the scene. She conveyed her thoughts about Jackson to the petitioner by letter. *Petitioner's Exhibit 6.*

Glen Jackson was called by the petitioner and claimed to have been called from his bed downstairs from the victim's apartment by the victim. Jackson testified that he was her "big brother" who helped pacify her relationship with the petitioner and was that night called to break up an argument between the petitioner and one Barbara James. When he did get upstairs and talked to the petitioner and Barbara to leave the apartment, the victim began trying to shoot the petitioner who was struggling for the gun which went off into the victim. He didn't wait around for the police because there was a warrant out for his arrest.

**2. The petitioner has introduced the transcript of the plea of the petitioner and the respondent has introduced the transcript of the sentencing of the petitioner.

I

A successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Copas v. Commissioner.* 234 Conn. 139, 662 A.2d 718 (1995); *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. The petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness. *Aillon v. Meachum,* 211 Conn. 352, 357, 559 A.2d 206. As Judge O'Keefe in his sentencing remarks stated "He made a wise choice. He would have gotten more time than twenty-seven years if he was convicted of murder--a very strong likelihood of conviction." This court has to agree with that observation in viewing the evidence before it.

II

It appears clear from the pleadings in this case that the parties agreed that the sentence given by Judge O'Keefe should be adjusted so as to carry out the plea bargain by reducing one of the three consecutive sentences by one (1) year and seven (7) months. It

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

likewise appears to be consistent with the remarks of Judge O'Keefe towards the end of the transcript of the plea proceedings. *Petitioner's Exhibit* 1. The court therefore remands this portion of the case to Judge O'Keefe for said correction.

### III

Since these proceedings make moot any claim in the third count having to do with the representation of the petitioner by Attorney John R. Williams as to the availability of the alleged eye-witness, Glen Jackson, and his failure to assert such issue, the count is denied.

It is obvious to the court from a reading of the transcript of the plea proceedings that the petitioner understood far more than Mr. Williams gave him credit for by the difference in the manner the English language was accented. His responses were appropriate on every occasion even though it required moving from a affirmative answer to one that was negative.

For the above reasons the petition is denied with the exception of remanding the matter to Judge O'Keefe for an appropriate correction of sentence consistent with the stated plea bargain.

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

# APPELLATE COURT

## OF THE

# STATE OF CONNECTICUT

---

The Honorable Thomas H. Corrigan

---

### A.C. 18651

---

### CLOVIS JOHNSON

v.

### COMMISSIONER OF CORRECTIONS

---

### BRIEF OF PETITIONER-APPELLANT
### WITH ATTACHED APPENDIX

---

### KATHARINE S. GOODBODY, ESQ.

SPECIAL PUBLIC DEFENDER
261 BRADLEY STREET
NEW HAVEN, CT 06510
TELEPHONE: 203-773-3637
FACSIMILE: 203-773-3884
JURIS NO. 306652

*To Be Argued By:*

KATHARINE S. GOODBODY, ESQ.

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES.................................................... iii

TABLE OF AUTHORITIES................................................. iv

INTRODUCTION............................................................ 1

NATURE OF THE PROCEEDINGS........................................ 1

STATEMENT OF THE FACTS............................................. 4

ARGUMENT................................................................ 5

I.  The Habeas Court Abused Its Discretion By Failing To Grant
    Certification for Review........................................... 5

    a.  Standard of Review........................................... 5

    b.  The Habeas Court in this Matter Abused
        Its Discretion................................................. 6

II. The Habeas Court Erred in Denying the Appellant's Writ of
    Habeas Corpus.................................................... 9

    a.  Standard of Review........................................... 9

    b.  There Was A Sufficient Basis For Finding a
        Denial Of The Petitioner's Rights Pursuant
        To The Sixth Amendment....................................... 11

        i.  The Petitioner's Case And Defense Was
            Inadequately Investigated................................ 11

Page

ii. The Petitioner's Sixth Amendment Rights To
Effective Assistance Of Counsel Was
Violated................................................................ 12

iii. Petitioner Was Prejudiced By Ineffective
Assistance Of Counsel......................................... 13

c. The Facts That Petitioner's Trial Counsel Were
Ineffective Provides a Basis For finding Petitioner's
First Habeas Counsel Ineffective............................ 14

CONCLUSION................................................................... 14

## STATEMENT OF ISSUES

1. WHETHER OR NOT THE HABEAS COURT ABUSED ITS
   DISCRETION BY FAILING TO GRANT CERTIFICATION FOR
   REVIEW.

2. WHETHER OR NOT THE HABEAS COURT ERRED IN DENYING
   THE PETITIONER'S WRIT OF HABEAS CORPUS.

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

Carpenter v. Meachum, 229 Conn. 193, 640A.2d 591 (1994)...........    6
*All can raise abuse of discretion claim after denial of cert. to appeal H. Ct. dec.*
*Ques. one of jurisdiction - Appeal dismissed*

✓ Copas v. Comm'r of Corrections, 234 Conn. 139,
    662 A.2d 718 (1995).............................................................    7, 9

Crisp v. Duckworth, 743 F.2d 583 (7th Cir. 1984).......................    13

✓ Davis v. Warden, 32 Conn. App. 296,  629 A.2d 440
    (1993)..................................................................................    9

Hill v. Lockhart, 474 U.S. 52 (1985)......................................    8, 13

✓ Jeffrey v. Comm'r of Corrections, 36 Conn. App. 216,
    650 A.2d 602.........................................................................    11

Johnson v. Comm'r of Corrections, 36 Conn. App. 695,
    652 A.2d 1050 (1995)............................................................    9

✓ Kimelman v. Morrison, 477 U.S. 365, 383 (1986)......................    14

Lozada v. Deeds,  498 U.S. 430, 111 S. Ct. 860,
    112 L.Ed.2d 956 (1991)..........................................................    5, 6

✓ Nardini v. Manson, 207 Conn 118,  540 A.2d 69 (1988)................    10

Nixon v. Newsome, 888 F.2d 112,  (11th Cir. 1989)......................    10

✓ Phillips v. Washington, 220 Conn. 112, 595 A.2d 1356 (1991).......    9

Siemon v. Stoughton, 184 Conn. 547, 440 A.2d 210 (1981)...........    12

✓ Simms v. Warden, 229 Conn. 178, 640 A.2d 601 (1994)(Simms I).....    6

Simms v. Warden, 230 Conn 608, 646 A.2d 126
    (1994)(Simms II)...................................................................    5, 6, 7

✓ State v. Talton, 197 Conn. 280, 296, 497 A.2d 35 (1985)...................    10

Strickland v. Washington, 466 U.S. 668, 685-86 (1984)...................    9, 10, 13

                                                                    Page

√ Summerville v. Warden, 29 Conn. App. 162, 614 A.2d 842(1992)........    12

   United States v. Cronic, 466 U.S. 648 (1984) ...............................    10


   Statutes:

   C.G.S. Sec. 52-470 . ...........................................................    1

   C.G.S. Sec. 53a-55a(a)........................................................    1

   C.G.S. Sec. 29-35.............................................................    2

   C.G.S. Sec. 29-36.............................................................    2

## INTRODUCTION

The petitioner-appellant, Clovis Johnson, appeals from the dismissal of his writ of habeas corpus, in which he alleged ineffective assistance of trial counsel and of his first habeas counsel. The petitioner claims that his fundamental rights to due process and a fair hearing were denied by trial and habeas counsel's actions and/ or omissions in representing the petitioner.

Specifically, the petitioner claims that the habeas court's dismissal and its subsequent denial of his Petition for Certification to appeal were erroneous. Specifically, the petitioner contends that: (1) the habeas court abused its discretion in denying the Petition for Certification to appeal, under Connecticut General Statute, Sec. 52-470; (2) the habeas court erroneously determined that there is no ineffective assistance of trial counsel for their decision to terminate his jury trial based and have petitioner plead guilty; and (3) the habeas court erroneously determined that there was no ineffective assistance of first habeas counsel because the decision regarding the trial counsel made moot the claim against first habeas counsel.

## NATURE OF THE PROCEEDINGS

On July 17, 1992, after some days of jury selection, the Petitioner pled guilty under the Alford Doctrine to the charges of manslaughter in the first degree with a firearm, in violation of C.G.S. Sec. 53a-55a(a), carrying a

1

pistol without a permit, in violation of C.G.S. Sec. 29-35, and altering or

removing an identification mark on a pistol or revolver, in violation of

C.G.S. Sec. 29-36.

(A-3).

On August 28, 1992, the petitioner was sentenced by the court

(O'Keefe, J.) to a term of imprisonment of 27 years to run concurrent with

the sentence that he was already serving.  (A-4)[1]

Sometime in 1993, the petitioner filed a writ of habeas corpus

alleging that his trial counsel had been ineffective.  Subsequent to filing

this, the petitioner retained counsel to handle the habeas corpus petition.

(Tr. at 3).[2]  On August 3, 1994, first habeas counsel filed a petition alleging

only one claim of ineffective assistance of counsel that the petitioner did

not understand the plea process due to problems with his understanding of

the English language. (A-7-A-9).  This petition eventually was heard and

denied.(Tr. at 12).

On November 19, 1997, second habeas counsel filed a Fourth

_____

[1]Part of the plea agreement was the the petitioner would
receive credit for the one year and seven months he had been
incarcerated prior to the plea.  The fact that the petitioner did not
receive this credit was one basis for the writ of habeas corpus.  (A-
6-A-7).  The habeas court did remand the matter to the sentencing
judge for the purpose of making this adjustment. (A-15-A-16).

[2]The trial is recorded in one transcript which is referred to as
"Tr." followed by the page number.  There is another transcript,
involving the petition for certification.  This is to referred to as
"Tr.5/14/98" followed by the applicable page number.

2

Amended Petition for Writ of Habeas Corpus. (A-3-A-10). The State filed a Return for Fourth Amended Petition. (A-11). The matter was then tried to the Court on December 23, 1997. At the trial the petitioner submitted the testimony of Attorney John Williams, the first habeas counsel, and Attorney Beth Merkin, the trial counsel. (Tr. at 2-27) The petitioner also submitted the testimony of Glen Jackson, a witness to the incident which was the basis for petitioner's arrest and subsequent conviction. (Tr. at 28-44). The petitioner also offered exhibits including an affidavit of Mr. Jackson (A-12) and the transcript of the plea of the petitioner. The State called no witnesses but did offer into evidence the transcript of the sentencing of petitioner. At the close of the evidence both parties presented closing arguments and the Court took the matter on the papers. (Tr. at 58).

The Court issued a written Memorandum of Decision on or about April 16, 1998. (A-13-A-16) The Court made a finding that the petitioner had not met his burden of proving ineffective assistance of counsel as to his trial counsel. He further ruled that, based on the finding as to trial counsel, the claim against the first habeas counsel was moot. (A-15). Accordingly, the Court dismissed the petition. (A-16).

On April 27, 1998, the petitioner then filed a timely Petition for Certification pursuant to C.G.S. Sec. 52-470. This Petition was denied on May 14, 1998. (Tr. 5/14/98 at 7).

3

## STATEMENT OF THE FACTS

The petitioner was originally arrested and charged with murder and other criminal offenses. These charges arose from a shooting in which the petitioner was involved on December 15, 1990. The accounts of the incident vary. Evidently, the petitioner and the victim, who had been involved in a relationship, got into an argument. According to the petitioner and another witness, Glen Jackson, the victim pulled a gun. The petitioner and the victim struggled over the gun and it went off. Then the petitioner or Glen Jackson called 911.(Tr.20, 33). The petitioner then left the scene. (Tr. 33) He was latter arrested by the police. (Tr.24) The petitioner gave a statement to the police that was that the shooting was accidental, that the victim had pulled the gun and that it had gone off accidentally when they struggled over it, and that Glen Jackson witnessed the events. (Tr.17). There were additional eyewitnesses to the event who gave different version of the shooting. (Tr.21)  The victim died of the gunshot wounds.

The petitioner was appointed counsel through the Office of the Public Defender. These counsel investigated the case to a limited extent. (Tr.18, 20-21, 24-25). The case went to trial. (Tr.22). During the jury selection process, the State offered the petitioner a plea agreement which consisted of his pleading guilty to manslaughter in the first degree with a firearm, carrying a pistol without a permit, and altering or removing an

4

identification mark on a pistol or revolver. The agreed upon effective sentence was to be 27 years. (Tr.22-23, A-3). The defense counsel advised the petitioner to accept the plea based on the fact that he was likely to be convicted by a jury. (A-5). They based this advise on their lack of belief in the credibility of Glen Jackson, their belief in the credibility of the other witnesses to the shooting, and various other factors including the petitioner's leaving the scene after the shooting. (Tr.23-24). The petitioner entered a plea of guilty to the above charges pursuant to the Alford doctrine and was sentenced to an effective sentence of 27 years. (A-3).

### ARGUMENT

I.    **The Habeas Court Abused Its Discretion By Failing To Grant Certification for Review.**

    a. **Standard of Review**

The Connecticut Supreme Court in Simms v. Warden, established a standard of review for the analysis of whether the denial of the petition for certification to appeal a habeas decision was an abuse of discretion.  230 Conn 608, 614-615, 646 A.2d 126 (1994)(Simms II).  The Court established this standard by incorporating "the criteria adopted by the United States Supreme Court in *Lozada v. Deeds*, 498 U.S. 430-31, 111 S. Ct. 860, 112 L.Ed.2d 956 (1991)." Id. at 615.  "[I]n order to obtain a certificate of probable cause to appeal, a habeas petitioner must make a substantial showing that he has been denied a federal constitutional right.

5

*Lozada v. Deeds,* supra., 431. A petitioner satisfies that burden by demonstrating: 'that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' (Emphasis in original; internal quotation marks omitted.) Id., 432" <u>Simms II</u>, 230 Conn. at 616 (citations omitted).

In <u>Simms v. Warden</u>, 229 Conn. 178, 640 A.2d 601 (1994)(<u>Simms I</u>) and <u>Carpenter v. Meachum</u>, 229 Conn. 193, 640A.2d 591 (1994), the Connecticut Supreme Court held that a habeas petitioner may raise an abuse of discretion claim as a threshold issue after the denial of a timely-filed petition for certification to appeal. In <u>Simms II</u> the Connecticut Supreme Court concluded "that the legislature intended the certification requirement only to define the scope of [appellate] review and not to limit the jurisdiction of the appellate tribunal." 230 Conn at 615. As such, the legislature did not "impose a jurisdictional limitation on appellate jurisdication." <u>Id</u>. at 614.

**b. The Habeas Court Abused Its Discretion In This Matter.**

In the instant case, the petitioner maintains that he satisfies the <u>Simms II</u> criteria and that the habeas court abused its discretion when it denied his timely-filed petition for certification. Therefore, he requests that this Court review the merits of his appellate claims.

First, the petitioner claimed that he was denied the effective

6

assistance of both trial and first habeas counsel in violation of the Sixth and

Fourteenth Amendments of the United States Constitution and Article I,

Section 8 of the Connecticut Constitution. Thus, he has necessarily implied

the denial of a constitution right as required in <u>Simms II</u>. 230 Conn. at

616.

Second, the issues raised in the habeas trial were "'debatable among

jurists of reason and <u>could</u> be resolved differently and, at the very least,

would warrant further consideration. <u>See</u> <u>Copas v. Comm'r of Corrections</u>,

234 Conn. 139, 150, 662 A.2d 718 (1995)(emphasis added). The core of

petitioner's claim of ineffective assistance of counsel is the failure of trial

counsel to present the testimony of Glen Jackson and to further investigate

this defense. The testimony of Mr. Jackson would have substantiated

petitioner's claim that the shooting was an accident. The petitioner claims

that his trial counsel coerced him into pleading guilty instead of continuing

with his jury trial. He claims that his trial counsel advised him that his

witness would not be believed and advised him that he should plead guilty.

Additionally, the trial counsel did not investigate the 911 call which could

have supported plaintiff's review of the events. Further, trial counsel did

not fully investigate the witnesses against the petitioner despite the fact that

Mr. Jackson alleged at least one of them was lying. (A-12). Absent the

advise of trial counsel, the petitioner would have continued with his jury

trial. And with the introduction of the testimony of Glen Jackson to

7

support his defense that the shooting was accidental and with other evidence which would have supported petitioner's version, it was reasonably likely that he would have been successful at trial. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); <u>Copas</u>, 234 Conn. at 151 (1995).

The habeas court's decision merely draws conclusions that the petitioner did not establish that trial "counsel's representation fell below an objective standard of reasonableness," and that the petitioner did not establish that absent the alleged errors or omission the result would have been different. (A-15). It then went on to state that it agreed with the trial courts assessment that absent the guilty plea there was "a very strong likelihood of conviction." (A-15). Nowhere was there any indication of the application of the <u>Hill</u> standard. Additionally, when there is a likelihood of conviction, there necessarily is a chance of an acquittal. The issue of whether the habeas court applied the appropriate standard is "debatable among jurists of reason." <u>Copas</u> 234 Conn. at 151. Futher, whether, absent the failure of his trial counsel to present the testimony of Glen Jackson and other corroborating evidence, the petitioner would have not plead guilty is "debatable among jurists of reason." <u>Id</u>. Finally, whether the presentation of the defense the petitioner believes should have been presented would have been likely to change the outcome of the trial is "debatable among jurists of reason." <u>Id.</u>

8

Therefore, the petitioner respectfully requests that this Court rule that the habeas court abused its discretion in its denial of the petition for certification to appeal and review the merits of the petitioner's appellate claims.

II.    **The Habeas Court Erred in Denying the Appellant's Writ of Habeas Corpus.**

a.    **Standard of Review**

In reviewing a denial of a writ of habeas corpus, the Appellate Court cannot disturb the underlying historical facts found unless they are clearly erroneous. Davis v. Warden, 32 Conn. App. 296, 301, 629 A.2d 440 (1993); Johnson v. Comm'r of Corrections, 36 Conn. App. 695, 703, 652 A.2d 1050 (1995). However, whether those facts constituted a violation of the petitioners' rights under the sixth amendment in that the representation the petitioner received at trial was ineffective is a mixed question of law and fact. Copas, 234 Conn. at 152-53; Davis, 32 Conn. App. at 301. "As such, this question requires plenary review by this court unfettered by the clearly erroneous standard." Copas, 234 Conn. at 153 (citations omitted).

A defendant in a criminal matter is entitled to adequate and effective assistance of counsel at all stages of the criminal proceedings. Strickland v. Washington, 466 U.S. 668, 685-86 (1984); Phillips v. Washington, 220 Conn. 112, 132, 595 A.2d 1356 (1991). This includes plea negotiations and the decision whether to plead guilty. Copas, 234 Conn.

9