at 153.

Evaluation of petitioner's claim of ineffective assistance requires consideration of the two-part <u>Strickland</u> test. 466 U.S. at 686, 694; <u>see</u> <u>Nardini v. Manson</u>, 207 Conn 118, 123-24, 540 A.2d 69 (1988); <u>State v. Talton</u>, 197 Conn. 280, 296, 497 A.2d 35 (1985).

First, counsel's errors must be so serious that the representation fell below the objective standards of reasonableness. <u>Strickland</u>, 466 U.S. at 687-88. The right to effective assistance of counsel may be demonstrated "by even an isolated error of counsel, if that error is sufficiently egregious and prejudicial." <u>Nixon v. Newsome</u>, 888 F.2d 112, 116 (11th Cir. 1989); <u>see</u> <u>United States v. Cronic</u>, 466 U.S. 648, 665 n. 19 (1984). More specifically, the <u>Strickland</u> court, in establishing guidelines for a determination of the first prong of the analysis stated:

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct
> ... The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

466 U.S. at 690. The <u>Strickland</u> court, therefore, instructed the deciding court to judge counsel's performance within the ambit of the unique facts and circumstances of the particular criminal proceeding.

Second, the final test of <u>Strickland</u> requires a showing that:

10

> . . . there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

466 U.S. at 694; Jeffrey v. Comm'r of Corrections, 36 Conn. App. 216, 219, 650 A.2d 602 (1994).

In Hill, the United States Supreme Court determined that the same two part analysis set out in Strickland "applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. at 58. The Court then defined with more precision what a petitioner must prove to prevail under the second prong of the test; "the defendant must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; Copas, 234 Conn. at 156.

    b. **There Was A Sufficient Basis For Finding a Denial Of The Petitioner's Rights Pursuant To The Sixth Amendment**

        i. **The Petitioner's Case And Defense Was Inadequately Investigated.**

The evidence in this matter, as it was presented to the habeas court, established that there were conflicting versions of the shooting at issue here. Evidently, some of the eyewitnesses saw the petitioner as the aggressor and some of the eyewitnesses saw the victim as the aggressor, the petitioner struggling with her and the gun going off accidentally. Thus, a critical issue to be evaluated in this matter was credibility of the witnesses.

11

The petitioner gave a statement the night of the incident that indicated the shooting was accidental. Additionally, at that time, he supplied the name of Glen Jackson as a witness to the shooting who could corroborate his version. The petitioner's statement further indicated that he or Mr. Jackson called 911 on the night of the incident to report the shooting. However, trial counsel never investigated this fact thereby failing to corroborate the petitioner's statement. (Tr. 20-21). Likewise, Glen Jackson indicated that one of the other witnesses to the shooting was lying about what she witnessed. However, there is no indication that there was any investigation of the other witnesses relationships with the petitioner and/or the victim. There credibility was not investigated. (Tr.24-25). Yet despite this failure, the trial counsel based, in part, their advise to the petitioner regarding the plea offer on their consideration that the witnesses against him were credible. (Tr. 24) This conclusion was drawn evidently without interviewing these witnesses. (Tr. 25).

    ii.  **The Petitioner's Sixth Amendment Rights To Effective Assistance Of Counsel Was Violated.**

The petitioner is entitled as part of a proper and effective defense to have an adequate pretrial investigation. <u>Siemon v. Stoughton</u>, 184 Conn. 547, 554, 440 A.2d 210 (1981); <u>Summerville v. Warden</u>, 29 Conn. App. 162, 172, 614 A.2d 842 (1992). "Effective representation hinges upon adequate investigation and pretrial preparation . . . investigation may help an

attorney develop or even discover a defense, locate a witness, or unveil impeachment evidence." Crisp v. Duckworth, 743 F.2d 583 (7th Cir. 1984). A complete pretrial investigation allows the attorney to fully advise the client regarding the chances of prevailing at trial and/or the wisdom of accepting a disposition. This is not what happened in the instant case. Trial counsel inadequately investigated petitioner's defense. As such, they were ineffective. Petitioner's rights under the United States and Connecticut constitutions were violated.

### iii. Petitioner Was Prejudiced By The Ineffective Assistance Of Counsel

As noted in Strickland, a habeas court's determination of the prejudice prong of the standard is a "mixed question[] of law and fact." 466 U.S. at 698. The standard established in Hill for proving prejudice is that the petitioner would not have plead guilty and would have proceeded with the trial. 474 U.S. at 59. Thus, it is imperative that such an analysis take into account how the claimed error/omission impacted upon the decision of the petitioner to plead guilty. If the claimed error/omission had a substantial effect and/or affected his decision, then he has established prejudice and met the second prong of Strickland and Hill. The habeas court must analyze prejudice within the context of how the claimed error affeccted the reliability of the petitioner's decision to waive his right to trial and to plead guilty. Any strategic reason is not acceptable; the strategic decision must

13

be reasonable. See Kimelman v. Morrison, 477 U.S. 365, 383 (1986).

### c. The Fact That Petitioner's Trial Counsel Were Ineffective Provides A Basis For Finding Petitioner's First Habeas Counsel Ineffective.

The habeas court determined that the claim against the first habeas counsel was moot based on its finding that the petitioner had not been able to prove that the the trial counsel were ineffective. (A-16). First habeas counsel filed a Petition for A Writ of Habeas Corpus claiming one ground for finding trial counsel ineffective: the fact that the petitioner did not understand the sentence because of his problems with understanding the English language. (A-8). First habeas counsel failed to investigate other claims of ineffective assistance of counsel. As such, he was ineffective. Further, the fact that trial counsel were ineffective, as previously stated, establishes that first habeas counsel was ineffective.

## CONCLUSION

Due to the clearly erroneous decision by the habeas court, the petitioner respectfully requests that this Court grant his petition for writ of habeas corpus based upon its de novo review of the violation of the petitioner's sixth amendment right to effective assistance of counsel and reverse his convictions and remand his case to the Judicial District of New Haven or, in the alternative, that this Court reverse the dismissal of his petition for writ of habeas corpus and remand said

petition to the Judicial District of Hartford.

                               RESPECTFULLY SUBMITTED
                               THE PETITIONER-APPELLANT
                               CLOVIS JOHNSON

By: _____
                               Katharine S. Goodbody
                               Attorney at Law
                               Juris No. 306652
                               261 Bradley Street
                               New Haven, CT 06510
                               Tel (203) 773-3637
                               Fax (203) 773-3884
                               His Attorney on Appeal

March 1, 1999

# APPENDIX

# APPENDIX

|  | Page |
|---|---|
| Connecticut General Statutes, Sec. 53a-55a............................ | A-1 |
| Connecticut General Statutes, Secs. 29-35 and 29-36............ | A-2 |
| Amended Fourth Amended Petition for Writ of Habeas Corpus............................................................................. | A-3 |
| Return of Fourth Amended Petition....................................... | A-11 |
| Affidavit of Glen Jackson...................................................... | A-12 |
| Memoranadum of Decision.................................................... | A-13 |

**Connecticut General Statutes**

Sec. 53a-55a. **Manslaughter in the first degree with a firearm: Class B felony: Five years not suspendable.** (a) A person is guilty of manslaughter in the first degree with a firearm when he commits manslaughter in the first degree as provided in section 53a-55, and in the commission of such offense he uses, or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, shotgun, machine gun, rifle or other firearm. No person shall be found guilty of manslaughter in the first degree and manslaughter in the first degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information.

(b) Manslaughter in the first degree with a firearm is a class B felony and any person found guilty under this section shall be sentenced to a term of imprisonment in accordance with subdivision (4) of section 53a-35a of which five years of the sentence imposed may not be suspended or reduced by the court.

(P.A. 75-380, S. 3; July Sp. Sess. P.A. 94-2, S. 1.)

A-1

## Connecticut General Statutes

**Sec. 29-35. Carrying of pistol or revolver without permit prohibited. Exceptions.** (a) No person shall carry any pistol or revolver upon his person, except when such person is within his dwelling house or place of business, without a permit to carry the same issued as provided in section 29-28. The provisions of this subsection shall not apply to the carrying of any pistol or revolver by any sheriff, parole officer or peace officer of this state, or sheriff, parole officer or peace officer of any other state while engaged in the pursuit of his official duties, or federal marshal or federal law enforcement agent, or to any member of the armed forces of the United States, as defined by section 27-103, or of this state, as defined by section 27-2, when on duty or going to or from duty, or to any member of any military organization when on parade or when going to or from any place of assembly, or to the transportation of pistols or revolvers as merchandise, or to any person carrying any pistol or revolver while contained in the package in which it was originally wrapped at the time of sale and while carrying the same from the place of sale to the purchaser's residence or place of business, or to any person removing his household goods or effects from one place to another, or to any person while carrying any such pistol or revolver from his place of residence or business to a place or person where or by whom such pistol or revolver is to be repaired or while returning to his place of residence or business after the same has been repaired, or to any person carrying a pistol or revolver in or through the state for the purpose of taking part in competitions or attending any meeting or exhibition of an organized collectors' group if such person is a bona fide resident of the United States having a permit or license to carry any firearm issued by the authority of any other state or subdivision of the United States, or to any person carrying a pistol or revolver to and from a testing range at the request of the issuing authority, or to any person carrying an antique pistol or revolver, as defined in section 29-33.

(b) The holder of a permit issued pursuant to section 29-28 shall carry such permit on his person while carrying such pistol or revolver.

(1949 Rev., S. 4166; 1957, P.A. 163, S. 35; 1959, P.A. 179; 1963, P.A. 437; P.A. 81-45; 81-222, S. 2; P.A. 88-128

**Sec. 29-36. Altering or removing identification mark.** No person shall alter, obliterate the name of any maker or model or any maker's number or other mark of identification on any pistol or revolver. The possession of any pistol or revolver upon which identifying mark, number or name has been altered, removed or obliterated shall be prima facie evidence that the person owning or in possession of such pistol or revolver has altered, removed or obliterated the same.

(1949 Rev., S. 4167.)
C. 7, 8, 12.
CA 169, 171; judgment reversed, see 205 C. 370, 385.
CA 51-53.

A-2

| | |
|---|---|
| DOCKET NO. CV96-563626 | : SUPERIOR COURT |
| CLOVIS JOHNSON | : J.D. OF HARTFORD |
| VS. | : AT HARTFORD |
| WARDEN | : NOVEMBER 19, 1997 |

AMENDED FOURTH AMENDED PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, through his counsel, amends his Third Amended Petition for Writ of Habeas Corpus by substituting the following claims of law and fact.

FIRST COUNT:

1. The petitioner was the defendant in a criminal case entitled State of Connecticut Vs: Clovis Johnson, Docket No. CR6-335811, in the Judicial District of New Haven, at New Haven.

2. The petitioner was represented by Attorneys Jerome Rosenblum, Esq. and Beth Merkin, Esq.

3. The petitioner pled not-guilty and elected trial by jury.

4. On July 17, 1992 after several days of jury selection, the defendant pled guilty under the Alford Doctrine to the charges of Manslaughter in the First Degree with a Firearm, in violation of Connecticut General Statutes 53a-55a(a), Carrying a Pistol Without a Permit, in violation of Connecticut General Statutes 29-35, and Altering or Removing an Identification Mark on a Pistol or Revolver, in violation of Connecticut General Statutes 29-36.

A.3

Grogins & Grogins, Attorneys at Law
Dolan's Building • 400 Stillson Road • Fairfield, CT 06430
Telephone (203) 335-2112 • Fax (203) 335-7214

5. On August 28, 1992, the petitioner was sentenced by the court, O'Keefe, J., to a term of imprisonment of 27 years to run concurrent with the sentence that he was already serving.

6. The petitioner is in the custody of the Department of Corrections pursuant to the judgment and sentence entered in the above-mentioned matter.

7. The petitioner's imprisonment is illegal in that he was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article First, Section Eight of the Connecticut Constitution as follows:

A. The petitioner entered his pleas of guilty and elected not to pursue his trial by jury any further, on the basis of his trial counsel's advice.

B. His trial attorneys, Jerome Rosenblum and Beth Merkin told the petitioner that the eye witness that the petitioner had to testify on his behalf would not be believed by the jury and, therefore, his self-defense claims had no merit.

C. The petitioner's trial counsel, Jerome Rosenblum and Beth Merkin, failed to prepare an adequate defense for the petitioner and they failed to procure the petitioner's eye witness, Glenn Jackson, who would testify in favor of the defense and who gave an affidavit to defense counsel which stated that the

A-4

victim was shot accidently when she tried to shoot the defendant with the gun in question. The defendant struggled with her to get the gun away and in the course of this struggle, the gun accidently discharged and killed the victim.

8. Both of petitioner's trial counsel coerced the petitioner into his decision to plead guilty instead of pursuing his jury trial in that their advise was erroneous, including the lack of availability and trustworthiness of the petitioner's defense witness and the availability of theories of defense not specifically suggested by the petitioner.

9. Trial counsel's performance fell below the standard of reasonable competence of attorneys of ordinary skill and training in criminal law.

10. But for trial counsel's actions and inactions as described above, it is reasonably probable that the result of the proceedings would have been different in that the petitioner would not have proceeded with his claims of innocence and the trial and would not have entered a plea of guilty.

11. The petitioner did deliberately bypass a direct appeal of the claims raised herein.

A-5

12.  For the reasons stated above, the petitioner was denied the rights secured by him in Article 1, Section 8 of the Connecticut Constitution and by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

13.  The petitioner has filed a previous petition for writ of habeas corpus but said petition does not pertain to the matters claimed herein.

SECOND COUNT:

1.-7.  Paragraphs 1 through 7 of the First Count are incorporated herein as paragraphs 1 through 7 of the Second Count.

8.  The petitioner's incarceration is illegal because his plea of guilty and resulting sentence were not pursuant to the plea bargain as follows:

   A.  As part of his plea, the petitioner was to receive a total effective sentence of 27 years concurrent to the time he was already serving.

   B.  The petitioner was told by the court (O'Keefe, J.) that as part of this plea bargain the petitioner would receive all his jail credit from the time that he was incarcerated as a result of this arrest (on December 15, 1990), amounting to 1 year and 7 months credit, even though he was already a sentenced prisoner.

   C.  The court, (O'Keefe, J.) also set forth in petitioner's canvass that this credit would be given "aside from

A-6

any bureaucratic rule in the Department of Corrections" preventing this credit of approximately 1 year and 7 months. (See Exhibit A attached)

9. The petitioner has not been given credit for the time he was serving during and prior to the disposition of this case.

10. The petitioner's plea was not voluntary in that the petitioner relied on his trial counsel's assertions and the court's statement that he would be given credit for the time he was serving as a result of this arrest.

11. The petitioner based his plea of guilty on those promises and since he has not been given jail credit his pleas were not knowing, voluntary and intelligent waivers of the petitioner's right to trial by jury.

12.-14. Paragraphs 11 through 13 of the First Count are hereby incorporated and made paragraphs 12 through 14 of the Second Count.

THIRD COUNT

1.-6. Paragraphs 1 through 6 of the First Count are herein incorporated and made paragraphs 1 through 6 of the Third Count.

7. The petitioner's incarceration is illegal in that he was denied the effective assistance of habeas counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article First, Section Eight of the Connecticut

A-7

would be 27 years when, in fact, he believed he would receive a sentence of 27 months in prison.

  D. Habeas counsel's performance fell below the standard of reasonable competence of attorneys of ordinary skill and training in criminal law in the following ways:

  1. Habeas counsel filed the August 3, 1994 petition alleging only one claim of ineffective assistance of counsel with regard to the petitioner's understanding of the sentence and without having completed an adequate investigation of the case.

  2. Habeas counsel failed to properly investigate the circumstances surrounding this incident giving rise to these charges, including the failure of counsel to investigate and interview the very favorable eye witness for the defense, Glen Jackson, who was available at the time of trial and at the time of the filing of the first amended petition dated August 4, 1994. Said witness had given an affidavit on behalf of the petitioner which corroborated the petitioner's version of the facts and also corroborated the fact that this was an accidental shooting;

  3. Habeas counsel failed to file claims in this amended petition with regard to the petitioner's assertions that he was coerced by trial counsel into entering a guilty plea and the fact that the defense witness, Glen Jackson, would not


A.8

believed by the jury, even though habeas counsel was advised of these claims by the petitioner.

4. Habeas counsel failed to investigate and file claims having to do with the erroneous advice given by the petitioner's trial counsel with regard to this defense witness even if such claims were not specifically suggested by the petitioner.

5. But for habeas counsel's actions and inactions as described above, it is reasonably probable that the result of his habeas trial would have been different;

6. The petitioner did not deliberately bypass a direct appeal of the claims raised herein;

7. The petitioner has filed one previous petition for writ of habeas corpus which did not raise the issues claimed herein.

WHEREFORE, the petitioner prays that the court grant the following relief:

1. That the plaintiff be brought before the court so that justice may be done;

2. That the guilty pleas and sentence be vacated;

3. That the case be remanded to the trial court for further proceedings;

A-9

4. Such other relief as law and justice require.

THE PETITIONER

By _____
Auden Grogins #310069
His Attorney
Grogins & Grogins
400 Stillson Road
Fairfield, CT 06430
Telephone: 203-335-2112

CERTIFICATION

This is to certify that a copy of the foregoing has this day been mailed, postage prepaid, to Christopher A. Alexy, Esq., Assistant State's Attorney, 235 Church Street, New Haven, CT 06510, and Clovis Johnson, Inmate #189784, MacDougall Correctional Institute, 1153 East Street South, Suffield, CT 06080.

_____
Auden Grogins

A-10

Grogins & Grogins • Attorneys at Law
Dolan's Building • 400 Stillson Road • Fairfield, CT 06430
Telephone (203) 335-2112 • Fax (203) 335-7214