CV96-563626

CLOVIS JOHNSON                    :    SUPERIOR COURT

V.                               :    JUDICIAL DISTRICT OF HARTFORD

WARDEN                           :    NOVEMBER 25, 1997

## RETURN FOR FOURTH AMENDED PETITION

### FIRST COUNT

1-6.        Admitted.

7-13.       Denied.

### SECOND COUNT

1-6.        Admitted.

7-8.        Denied.

8A-9.       Admitted.

10-14.      Denied.

### THIRD COUNT

1-6.        Admitted.

7-7(D)(7).Denied.

RESPONDENT

BY: _____

CHRISTOPHER A. ALEXY
ASSISTANT STATE'S ATTORNEY

**A-11**

I, <u>Glen Jackson</u>, Under The Penalty Of Perjury States:  I am over 18 years of age and make the following statement of my own free will and accord, without fear, threat or promises.  I can read, write and understand English.

That I am Tonya Cherrys boyfriend a witness in Clovis Johnson's case who lied by saying that she saw said shooting incident between Clovis Johnson and the victim a hugh female who was madly crazy in love with Clovis to where she pulled a gun out and tried to shoot him because he was with another woman, his wife where Clovis grabbed her hand and struggled with her to try to prevent her from shooting him were the gun went of while her and Clovis were struggling over it because Clovis was trying to stop her from shooting him, the shooting was in self defense.

I told this lawyer that I would testify at his trial to said facts if I was called to his trial, but that I would not sign a statement because my lawyer told me not to.

I, <u>Glen Jackson</u>, would be willing to come to Court and testify to the above statement.

_____
Glen Jackson

State of Connecticut, County of _____, having been duly sworn states that the above information is true to the best of his knowledge.

_____
Notary Public

_June 14 1993_
Date

DOROTHY B. DABOUL
COMMISSIONER OF DEEDS
FOR THE STATE OF CONNECTICUT
MY COMMISSION EXPIRES MAY 17, 1996

PLAINTIFF'S
EXHIBIT
CV960563626
NO. 5

A-12

CV 96 0563626

CLOVIS JOHNSON                :        SUPERIOR COURT

VS.                          :   ·    HARTFORD/NEW BRITAIN J.D.
                                      AT HARTFORD

WARDEN                       :        APRIL 16, 1998


## MEMORANDUM OF DECISION

The petitioner brings this petition for a writ of habeas corpus alleging in the first

count that his criminal trial attorney, Jerome Rosenblum and Beth Merkin, were

ineffective in that they coerced him to terminate his jury trial in that his eye witness, Glen

Jackson who gave an affidavit that the petitioner who struggled for the gun with which

the victim was trying to shoot the petitioner when it accidently went off, would not be

believed.  In the second count he alleges that the judge who took his plea promised as a

part of the plea agreement that he would be credited with all his jail credit from the time

1

A-13

that he was incarcerated as a result of this arrest amounting to 1 year and 7 months credit even though he was already a sentenced prisoner, and that he has not been given that credit. In the third count he alleges that his habeas counsel, John R. Williams assisted by his associate, Attorney Norman Pattis, was ineffective in that he only alleged one claim, that is, that he was not fluent in the English language when he was canvassed, resulting in the failure to know that he was pleading to the offenses for a bargained sentence of twenty-seven (27) years.

The petitioner produced the testimony of Attorney Williams and Attorney Merkin. Williams testified that he did not raise as an issue in the petition for a writ of habeas corpus for the petitioner brought earlier, the alleged eye-witness, Glen Jackson's account of the incident, Petitioner's Exhibit 5, because it was not consistent with the police evidence and the other eye-witnesses at the scene. He further testified that Jackson was known to him from previous contact and was not a credible person and was lying about the event. Ms. Merkin testified that the petitioner had produced that Glen Jackson was an eye-witness who would corroborate the petitioner's account of the shooting of Sharon Little who was shot in the apartment behind a closed apartment door when she drew the gun from her bra and in the struggle with the petitioner for the gun was shot. She found not only was Jackson vague as to where he was during the incident, but both Jackson and her client gave an account different from the state's eye-witnesses to the event who she found credible but also other police evidence from the scene such as that the victim was not wearing a bra and the location of the shell casing at the scene. She conveyed her thoughts about Jackson to the petitioner by letter. Petitioner's Exhibit 6.

2

A-14

Glen Jackson was called by the petitioner and claimed to have been called from his bed downstairs from the victim's apartment by the victim. Jackson testified that he was her "big brother" who helped pacify her relationship with the petitioner and was that night called to break up an argument between the petitioner and one Barbara James. When he did get upstairs and talked to the petitioner and Barbara to leave the apartment, the victim began trying to shoot the petitioner who was struggling for the gun which went off into the victim. He didn't wait around for the police because there was a warrant out for his arrest.

The petitioner has introduced the transcript of the plea of the petitioner and the respondent has introduced the transcript of the sentencing of the petitioner.

### I

A successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v. Commissioner, 234 Conn. 139 (1995); Strickland v. Washington, 466 U.S. 668, 694. The petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 357. As Judge O'Keefe in his sentencing remarks stated "He made a wise choice. He would have gotten more time than twenty-seven years if he was convicted of murder - a very strong likelihood of conviction." This court has to agree with that observation in viewing the evidence before it.

### II

It appears clear from the pleadings in this case that the parties agreed that the

3

A·15

sentence given by Judge O'Keefe should be adjusted so as to carry out the plea bargain by reducing one of the three consecutive sentences by one (1) year and seven (7) months. It likewise appears to be consistent with the remarks of Judge O'Keefe towards the end of the transcript of the plea proceedings. <u>Petitioner's Exhibit 1</u>. The court therefore remands this portion of the case to Judge O'Keefe for said correction.

III

Since these proceedings make moot any claim in the third count having to do with the representation of the petitioner by Attorney John R. Williams as to the availability of the alleged eye-witness, Glen Jackson, and his failure to assert such issue, the count is denied.

It is obvious to the court from a reading of the transcript of the plea proceedings that the petitioner understood far more than Mr. Williams gave him credit for by the difference in the manner the English language was accented. His responses were appropriate on every occasion even though it required moving from a affirmative answer to one that was negative.

For the above reasons the petition is denied with the exception of remanding the matter to Judge O'Keefe for an appropriate correction of sentence consistent with the stated plea bargain.

Corrigan, JTR

4

A-16

A.C. 18651

CLOVIS JOHNSON                :        APPELLATE COURT
                             :
            v.               :        STATE OF CONNECTICUT
                             :
COMMISSIONER OF              :
    CORRECTIONS              :        MARCH 1, 1999

CERTIFICATE OF SERVICE

This is to certify that a copy of the attached Brief with attached Appendix

was mailed, first class mail, postage prepaid this 1st day of March, 1999 to:

> Susan Marks
> Juris No. 401795
> Supervisory Assistant State's Attorney
> Office of Chief State's Attorney
> 300 Corporate Pl.
> Rocky Hill, CT 06067
> Tel.: 860-258-2507
> Fax.: 860-258-2828
>
> Clovis Johnson
> Inmate #189784
> McDougall Correctional Inst.
> 1153 East Street South
> Suffield, CT 06078
>
> The Honorable Thomas H. Corrigan
> Judicial District of New Britain/Hartford at
>     Hartford
> 95 Washington St.
> Hartford, CT 06106

Katharine S. Goodbody

APPENDIX E

**\*849** 754 A.2d 849

58 Conn.App. 729

Appellate Court of Connecticut.

Clovis JOHNSON
v.
COMMISSIONER OF CORRECTION.
No. 18651.
Argued Jan. 20, 2000.
Decided July 11, 2000.

Following guilty plea in murder prosecution to lesser offense of first-degree manslaughter, for which 27 year sentence was imposed, and after denial of first petition for writ of habeas corpus, inmate filed second habeas petition, alleging that trial counsel was ineffective for advising inmate to plead guilty, and that counsel who prepared his first habeas petition was also ineffective. The Superior Court, Judicial District of Hartford, Thomas H. Corrigan, Judge Trial Referee,, denied petition, and also denied inmate's request for certification to appeal. Inmate appealed. The Appellate Court held that record supported findings that counsel was not ineffective, and that denial of certification to appeal was not clear abuse of discretion.

Appeal dismissed.

West Headnotes

Criminal Law ☞641.13(5)
110 ----
  110XX Trial
    110XX(B) Course and Conduct of Trial in General
      110k641 Counsel for Accused
        110k641.13 Adequacy of Representation
        110k641.13(2) Particular Cases and Problems
        110k641.13(5) Pretrial Proceedings; Sanity Hearing.
Record supported finding that counsel was not ineffective in murder prosecution for advising defendant to plead guilty to lesser offense of first-degree manslaughter, for which offense, together with offenses of carrying pistol without permit and altering or removing identification mark from firearm, defendant received total effective sentence of 27 years; defendant would have received longer sentence had he been convicted of murder, and there was very strong likelihood of conviction.  U.S.C.A. Const.Amend. 6; C.G.S.A. §§ 29-35, 29-36, 53a-55a

Katharine S. Goodbody, special public defender, for the appellant (petitioner).

Eileen McCarthy Geel, assistant state's attorney, with whom, were James E. Thomas, state's attorney, and Christopher Alexy, assistant state's attorney, for the appellee (respondent).

Before EDWARD Y. O'CONNELL, C.J., and SPEAR and ZARELLA, Js. (FN1)

PER CURIAM.

The petitioner, Clovis Johnson, appeals from the judgment rendered by the habeas court denying his request for certification to appeal to this court following the denial of his petition for a writ of habeas corpus. (FN2) The petitioner claims that he was denied his constitutional rights to effective assistance of trial counsel as well as counsel who prepared his first habeas petition.

[58 Conn.App. 730] The following facts and procedural history are relevant to the resolution of this appeal. On July 17, 1992, following **\*850** the commencement of jury selection, the petitioner pleaded guilty, pursuant to the *Alford* (FN3) doctrine, to the crimes of manslaughter in the first degree in violation of General Statutes § 53a-55a, carrying a pistol without a permit in violation of General Statutes § 29-35, and altering or removing an identification mark from a firearm in violation of General Statutes § 29-36.  The petitioner was sentenced to a total effective sentence of twenty-seven years. In 1994, the petitioner, with the assistance of counsel, filed a petition for a writ of habeas corpus alleging that he did not understand the English language at the time he entered his guilty pleas and, therefore, did not understand that he would be sentenced to a term of twenty-seven years of incarceration. (FN4) The habeas court dismissed this petition on July 27, 1995.

The petitioner filed a subsequent petition for a writ of habeas corpus alleging ineffective assistance of trial counsel and of counsel at his first habeas hearing. Specifically, the petitioner alleged that his trial counsel rendered ineffective assistance by advising him that the eyewitness he wanted to call to testify at trial was not credible and that he should, therefore, plead guilty to reduced charges. The petitioner further alleged that his first habeas counsel rendered ineffective assistance by failing to investigate and interview a favorable eyewitness for the defense, and by failing to raise this issue in the first habeas petition.

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

754 A.2d 849, 58 Conn.App. 729, Johnson v. Commissioner of Correction, (Conn.App. 2000)    **Page 2**

The habeas court conducted a factual review of the petitioner's claim and concluded that the petitioner had failed to show that counsel's representation fell below [58 Conn.App. 731] an objective standard of reasonableness. In fact, the habeas court indicated that it agreed with the observation of the sentencing court that "[the petitioner] made a wise choice. He would have gotten more time than twenty-seven years if he was convicted of murder--a very strong likelihood of conviction." (FN5)

We have fully reviewed the records and briefs and considered the oral arguments. We conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, that he has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms v. Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms v. Warden,* 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker v. Commissioner of Correction,* 38 Conn.App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada v. Deeds,* 498 U.S. 430, 431-32, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

(FN1.) The listing of judges reflects their seniority status on this court as of the date of oral argument.

(FN2.) The habeas petition was denied with the exception that the matter was remanded to the trial court for an appropriate correction of the petitioner's sentence consistent with the stated plea bargain.

(FN3.) *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

(FN4.) The petitioner alleged that he believed that the plea agreement called for a recommended sentence of twenty-seven months instead of twenty-seven years.

(FN5.) The habeas court further concluded that the proceedings rendered moot any claim regarding the failure of the petitioner's first habeas counsel to investigate and interview an alleged eyewitness, and the failure to raise this issue in the first habeas petition.

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

APPENDIX F

761 A.2d 753, 254 Conn. 928, Johnson v. Commissioner of Correction, (Conn. 2000)    **Page 1**

**\*753**  761 A.2d 753

254 Conn. 928

Supreme Court of Connecticut.

**Clovis JOHNSON**
v.
**COMMISSIONER OF CORRECTION.**
Decided Oct. 12, 2000.

Katharine S. Goodbody, special public defender, in support of the petition.

Eileen McCarthy Geel, assistant state's attorney, in opposition.

The petitioner Clovis Johnson's petition for certification for appeal from the Appellate **\*754.** Court, 58 Conn.App. 729, 754 A.2d 849 (2000), is denied.

Copyright (c) West Group 2001 No claim to original U.S. Govt. works

APPENDIX G

FILED

UNITED STATES DISTRICT COURT 2003 FEB 13 P 5:48
DISTRICT OF CONNECTICUT



CLOVIS JOHNSON,                          :
          Petitioner,                    :
                                         :        PRISONER CASE NO.
     v.                                  :        3:02-cv-376 (JCH)
                                         :
WARDEN STRANGE                           :
RICHARD BLUMENTHAL,                      :        FEBRUARY 13, 2003
          Respondents.                   :



RULING RE:
RESPONDENTS' MOTION TO DISMISS [DKT. NO. 4]

The petitioner is currently confined at the Osborn Correctional Institution in

Somers, Connecticut. He brings this action pro se for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. Pending is the respondents' motion to dismiss the petition on the

ground that the petition is barred by the one-year statute of limitations.

I.   **BACKGROUND**

On August 28, 1992, in the Connecticut Superior Court for the Judicial District of

New Haven, the petitioner pleaded guilty to the charges of manslaughter, altering or

removing an identification mark on a pistol and carrying a pistol without a permit. The

court sentenced him to a total term of imprisonment of twenty-seven years. The petitioner

did not directly appeal his conviction.

The petitioner filed two state habeas petitions. On December 24, 1992, the

petitioner filed his first state habeas petition. He challenged his guilty plea on the ground

that his difficulty understanding the English language as spoken in New England, caused

him to misunderstand his sentence to be twenty-seven months rather than twenty-seven

years.[1]  A Connecticut Superior Court Judge dismissed the petition on January 27, 1995.

Johnson v. Warden, 1995 WL 43632 (Conn. Super. Ct. 1995).  On July 17, 1996, the

Connecticut Appellate Court denied the petitioner's request to file a late appeal of the

denial.  On April 14, 1999, the Connecticut Supreme Court denied the petitioner's request

for certification to appeal the decision of the Connecticut Appellate Court.   Johnson v.

Commissioner of Correction, 248 Conn. 915 (Conn. 1999).

On September 3, 1996, the petitioner filed a second state habeas petition.  He

asserted three grounds for relief:  (1) trial counsel was ineffective in advising him that the

eyewitness he wanted to call was not credible and recommending that he plead guilty to

reduced charges; (2) he had not been credited with one year and seven months of jail time

as promised by the sentencing judge; and (3) counsel in the first habeas petition was

ineffective in that counsel failed to investigate and interview the favorable eyewitness and

failed to raise that issue in the first habeas petition.  The state court dismissed the first and

third grounds on April 16, 1998, and remanded the second ground to the sentencing

judge.  Johnson v. Commissioner of Correction, 1998 WL 211932 (Conn. Super. Ct.

1998).  On July 11, 2000, the Connecticut Appellate Court affirmed the dismissal of the

---

[1]  Johnson is a native of Jamaica and speaks a dialect he calls "pat-wa."

first and third grounds. <u>Johnson v. Commissioner of Correction</u>, 58 Conn. App. 729

(2000). On October 12, 2000, the Connecticut Supreme Court denied the petitioner's

petition for certification to appeal the decision of the Connecticut Appellate Court.

<u>Johnson v. Commissioner of Correction</u>, 254 Conn. 928 (Conn. 2000).

On May 24, 1999, the petitioner filed a federal habeas petition. <u>Johnson v.</u>

<u>Warden, et al.</u>, Case No. 3:99cv975 (AWT). On October 25, 1999, the court dismissed

the petition because the petitioner had failed to exhaust his state court remedies.

On April 11, 2001, the petitioner filed a second federal habeas petition. <u>Johnson v.</u>

<u>Brooks, et al.</u>, Case no. 3:01cv589 (JCH). He raised nine grounds for relief: (1) his

difficulty understanding English caused him to misunderstand the sentence imposed; (2)

the sentence imposed following his guilty plea was not in accordance with the plea

agreement and he was not afforded an opportunity to withdraw his plea; (3) trial counsel

was ineffective because counsel failed to investigate adequately and failed to obtain

eyewitness testimony; (4) the state court erred in denying his state habeas petition; (5) the

state court abused its discretion in remanding the second claim in the second state habeas

petition; (6) the state court erred in dismissing his petition and denying certification to

appeal; (7) counsel in the first state habeas action was ineffective because he failed to

investigate and secure the testimony of the eyewitness and failed to raise as a ground for

relief trial counsel's failure to secure this witness for trial; (8) regarding the first state

3

habeas petition, the state court erred when it determined that Johnson did not express any difficulty understanding what was being said and did not object or seek clarification of the sentence at the plea canvass; and (9) counsel in the first state habeas action was ineffective because he failed to file a petition for certification to appeal the denial.

On January 30, 2002, the court dismissed the unexhausted claims, stayed the action as to the exhausted claims, and ordered the petitioner to file a notice by March 11, 2002, that he had commenced state court proceedings to exhaust the unexhausted claims. The court cautioned the petitioner that failure to file a notice indicating that he had commenced the state court exhaustion process within the time specified would result in dismissal of the petition in its entirety. The petitioner failed to comply with the court's order and on April 8, 2002, the court issued an order vacating the stay and dismissing the petition in its entirety.

On March 1, 2002, the petitioner filed the present action. He raises three grounds for relief: (1) his difficulty understanding English caused him to misunderstand the sentence imposed; (2) trial counsel was ineffective because counsel failed to investigate adequately and failed to obtain eyewitness testimony; and (3) counsel in the first state habeas action was ineffective because he failed to investigate and secure the testimony of the eyewitness and failed to raise as a ground for relief trial counsel's failure to secure this witness for trial. The petitioner has exhausted his state court remedies as to these three

4

claims.

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214 (1996), significantly amended 28 U.S.C. §§ 2244, 2253,

2254, and 2255.  Specifically, the AEDPA amended § 2244(d)(1) to now impose a one

year statute of limitations on federal petitions for a writ of habeas corpus challenging a

judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to
> the judgment of a State court.  The limitation period shall run
> from the latest of--
>  (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>  (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws
> of the United States is removed, if the applicant was prevented
> from filing by such State action;
>  © the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>  (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the
> exercise of due diligence.
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

5

A conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000). The Second Circuit has held that the limitations period does not begin until the completion of direct appellate review in the state courts and either the denial of a petition for certiorari by the United States Supreme Court or the expiration of the time within which to file a petition for a writ of certiorari. Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). Where a petitioner's conviction became final before AEDPA's effective date of April 24, 1996, and there is no pending petition for collateral relief that would toll the statute of limitations, the Second Circuit has held that the petitioner must file his federal habeas corpus petition within one year after the enactment of the AEDPA, or on or before April 24, 1997. Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998).

The Second Circuit has also held that the limitations period set forth in 28 U.S.C. 2244(d) and the one-year grace period may be equitably tolled. Smith, 208 F.3d at 15-17 (adopting the position that "the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period"). Equitable tolling, however, is available only in the "'rare and exceptional circumstance[].'" Id. at 17 (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir.1999)). It requires petitioner to "demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control'

6

prevented successful filing [of his petition] during that time." Smaldone v. Senkowski, 273

F.3d 133, 138 (2d Cir. 2001)(quoting Smith, 208 F.3d at 17; Sanvick v. United States,

177 F.3d 1269, 1271 (11th Cir. 1999)).

Here, the petitioner was convicted and sentenced in 1992 and did not file an appeal

of his conviction. Thus, his conviction became final before the enactment of the AEDPA

and he is entitled to the one-year grace period within which to file a federal habeas petition.

Accordingly, his petition must have been filed on or before April 24, 1997. On April 24,

1997, the petitioner had two state habeas petitions pending. As stated above, the AEDPA

provides that the time during which a state habeas petition is pending tolls the statute of

limitations. 28 U.S.C. § 2244(d)(2). The Connecticut Supreme Court denied

certification to appeal the decision of the Connecticut Appellate Court in the petitioner's

second habeas petition on October 12, 2000. The petitioner does not assert that he filed a

petition of writ of certiorari to the United States Supreme Court. The petitioner is not

entitled to have the limitations period tolled for the ninety days within which he could

have, but did not, file a petition for certiorari to the United States Supreme Court.

Smaldone, 273 F.3d at 138 (holding that ninety-day period during which petitioner could

have but did not file certiorari petition to United States Supreme Court from denial of

state post-conviction petition is excluded from tolling under 28 U.S.C. § 2244(d)(2)).

Thus, the limitations period was tolled on October 7, 1997, the day he filed his state

7

habeas petition and remained tolled until the Connecticut Supreme Court denied

certification to appeal on October 12, 2000. The statute of limitations began to run on

October 13, 2000. The petitioner did not file the present petition until February 2002.[2]

Although the petitioner filed a federal habeas petition in April 2001, the filing of a federal

habeas petition does not toll the running of the one-year limitations period for filing a

federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). The court

informed the petitioner of this fact in its ruling dismissing in part and staying in part the

petitioner's prior habeas petition, Johnson v. Brooks, et al., Case no. 3:01cv589 (JCH).

Because the petitioner's second state habeas petition became final on October 12, 2000,

and the petitioner did not file the present petition until February 20, 2002, at the earliest,

the present petition is untimely.

The petitioner does not argue that the one-year limitations period or grace period

should be equitably tolled and the court cannot discern any basis warranting equitable

tolling in this case. Instead, the petitioner appears to address his inability to comply with

the court's order in his prior federal habeas petition, Johnson v. Brooks, et al., Case No.

3:01cv589 (JCH). He claims that he had no legal assistance in attempting to exhaust his

---

[2] The Court notes that the earliest this petition could have been filed was February 20, 2002, the date it was signed and presumably handed to correctional officials for mailing to the Court. See Houston v. Lack, 487 U.S. 266, 270-71, 274 (1988) (holding that prisoner motions are deemed filed at the time they are delivered to prison officials for mailing). The Second Circuit has applied this "mailbox rule" to pro se federal habeas corpus petitions. Noble v. Kelly, 246 F.3d 93, 97 (2d. Cir. 2001).

state court remedies as to the unexhausted claims in the prior petition. He does not

indicate why he did not file a notice in the prior habeas petition informing the court of his

difficulties in complying with the court's order or file an amended petition if he sought

only to proceed as to the exhausted claims. Absent any basis for tolling the statute of

limitations, the court concludes that the present petition is clearly barred by the one-year

statute of limitations.

As stated above, however, the court stayed the exhausted claims in the petitioner's

prior habeas petition, Johnson v. Brooks, et al., Case No. 3:01cv589 (JCH) (hereinafter

"589"), and permitted the petitioner until March 11, 2002, to file a notice with the court

indicating that he had commenced his state court proceedings to exhaust the unexhausted

claims. The present petition was filed before March 11, 2002, and before the court

dismissed the prior 589 petition in its entirety. Because the petitioner proceeds pro se in

this action and the present petition, which contains only exhausted claims, was filed within

the time period set forth by the court in the prior petition, the court will construe the

present petition as an amended petition filed in the prior 589 habeas case. Zarvela v.

Artuz, 254 F.3d 374, 383 (2d Cir. 2001) ("Under the circumstances, especially as the

implementation of AEDPA's limitation requirements is being developed, we do not think

this pro se litigant should lose his opportunity to present his constitutional challenge to his

conviction because he requested the wrong form of procedural relief.").

9

## CONCLUSION

The Clerk is directed to reopen <u>Johnson v. Brooks, et al.</u>, Case no. 3:01cv589

(JCH) and docket a copy of the petition filed in this action as an original, amended petition

filed that action on March 1, 2002. After the amended petition is docketed, the Clerk is

directed to close this case. From that point forward, all papers should be filed in <u>Johnson</u>

<u>v. Brooks, et al.</u>, Case no. 3:01cv589 (JCH). In view of this order, the respondents'

Motion to Dismiss the petition [Dkt. No. 4] is DENIED as moot. Accordingly, a

certificate of appealability will not issue.


**SO ORDERED**.

Dated this 13th day of February, 2003, at Bridgeport, Connecticut.


Janet C. Hall
United States District Judge


10