FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLOVIS LLOYD JOHNSON         : CASE No. 3:01CV589
                                                         (JCH)
         V.
WARDEN BROOKS    AND         : NOVEMBER 3, 2003
RICHARD BLUMENTHAL

MOTION IN DISPUTE OF
RESPONDENT MEMORANDUM
OF LAW IN OPPOSITION TO
PETITION FOR A WRIT OF
HABEAS CORPUS

## NATURE OF THE PROCEEDINGS

ON July 17 1992 AFTER Some days of Jury Selection, Petitioner Pled Guilty under the Alford Doctrine to the Charges of Manslaughter in the First degree With a Firearm, in Violation of C.G.S. Sec. 53A-55A (A) Carrying A Pistol Without A Permit in Violation of C.G.S Sec - 29-35, and Altering or Removing An identification Mark on A Pistol or Revolver, in Violation C.G.S. Sec 29-36

On August 28, 1992 the petitioner was sentenced by the court (O'Keefe, J.) to a term of imprisonment of 27 years to run concurrent with the time served since being incarcerated as a result of this arrest on December 15, 1990

Shortly thereafter the petitioner filed his first state petition for a writ of habeas corpus in the Connecticut Superior Court for the Judicial district of Tolland alleging that he did not understand the plea process due to language problems

The petitioner was represented by a pay attorney, <u>Norman Pattis</u>;

1                    ARGUMENT
Whether the first habeas counsel failed to file certification to appeal immediately after habeas hearing counsel who has an obligation to represent his client interest. To file a notic of direct appeal immediately after the habeas hearing

WAS AND IS IRREVOCABLy PREJudice TO THE PETITIONER; ONE BASIS FOR COUNSEl FALSE REPRESENTATION AT THE FIRST HABEAS HEARING.

WITH THE ABOVE FACT, PETITIONER HAS SHOWN THAT HABEAS COUNSEl REPRESENTATION FEll BELOW AN OBJECTIVE STANDARD OF REASONABleness DURING THE HABEAS HEARING AND WERE NOT WITHIN THE RANGE OF COMPETENCE demanded OF ATTORNEy IN A CRIMINAl CASE. COUNSEl FAiled IN His legAl duty To FaithFully REPRESENT HIS ClieNT INTREST When HE DID NOT File A Notic of APPeAl.

PETITIONER PAID FIRST HABEAS COUNSEl IN SPITE OF FAilure To File A Notic oF Direct APPeAl immediately Following THE FIRST HABEAS COURT Decision. /OR INFORM HIS ClieNT oF THE STATutoRy Time limit FoR AN APPeAl

THE FACT THAT PETITIONER'S TRIAL COUNSEL WERE INEFFECTIVE, FOR FAILING TO FILE A NOTICE OF DIRECT APPEAL IMMEDIATELY FOLLOWING SENTENCING. PROVIDES A BASIS FOR FINDING PETITIONER'S FIRST HABEAS. COUNSEL INEFFECTIVE. FOR FAILING TO FILE A NOTIC OF DIRECT APPEAL IMMEDIATELY FOLLOWING THE FIRST HABEAS COURT DECISION.

BOTH COUNSEL'S REPRESENTATIONS FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS

PETITIONER DID SEEK PERMISSION TO FILE AN APPEAL. SEE EXHIBITS B2. ATTACH; THAT SHOW THAT THE PETITIONER FILE WITHIN THE TIME LIMIT OF THE 10 DAY: AND EXHIBIT C1. TO SUPPORT SUCH TIME FACT.

NOTWITHSTANDING THE PETITIONER DID NOT ACQUIRE THE FORM FOR CERTIFICATION; TO FILE HIS APPEAL. EVEN DO THE CLERK STATE SUCH INDICATION ON THE PETITIONER EXHIBIT C1. THAT THE JUDGE SAID THE PETITIONER CAN APPEAL HIS DECISION. THE PETITIONER ALSO REQUEST A COPY OF THE EVIDENTIARY HEARING TRANSCRIPTS TO FILE AN APPEAL, BUT WAS AGAIN UNSUCCESSFULLY. SEE EXHIBIT D1, IN SUPPORT OF PETITIONER CLAIM.

| FF - ATTORNEYS AND PRO SE PARTIES | | DEFENDANT - ATT... |
|---|---|---|
| JOHNSON | | STATE'S ATTORNEY |
| RD | DOCKET NUMBER: CV-92-0001603-S(HIS) | 235 CHURCH STREET |
| S, CT    06082 | CASE CAPTION:   JOHNSON, #189784 | NEW HAVEN |
| LIAMS JOHN R LAW OFFI | VS: | |
| ELM STREET/SUITE 409 | WARDEN, STATE PRISON | |
| HAVEN    CT 06510 | | |

PLEASE BE ADVISED THAT THE FOLLOWING ORDER HAS BEEN ENTERED IN THE ABOVE CAPTIONED CASE.

PETITION FOR CERTIFICATION
DENIED
FILED MORE THAN 10 DAYS AFTER DECISION RENDERED

BY THE COURT
KLACZAK,J
02-10-95
ELI SHORT ASSISTANT CLERK
NOTICE SENT 02-10-95 TO ALL PARTIES OF RECORD

SUPERIOR COURT
69 BROOKLYN STREET
ROCKVILLE, CONNECTICUT    06066

DATED: FEB 10, 1995

TSR TOLLAND/SOMERS

e Prison
e
t
street
nnecticut. 06066

PLEASE NOTE THE NOTICE OF APPEAL FORM
PETITION FOR CERTIFICATION. (FORM ENCLOSED)
STATES MUST BE FILED WITHIN 10 DAYS
FROM THE DATE OF DECISION. THE COUNT
INDICATED THAT YOU CAN APPEAL HIS ~~PETITION~~
DENIAL.
3/6/95

ELI SHONT
ASSISTANT CLERK

4166 C.

SUPERIOR COURT
TOLLAND JUDICIAL DISTRICT
MAR 6 11 37 AM '95

ten

Pursuant to Connecticut Rules of Court. Section 4166 C.
~~ation~~tion Shall be made to the judge who tried the case
from the issuance of the notice of certification.

Petitioner case was denied January 27, 1995. Peti-
tioner never receive mail until approximately January 31, 1995 or Fe-
bruary 1, 1995.

~~tioner~~tiones get the notice of certification and mail it out to the court
February 8, 1995, which was well within the time limit set forth by this
orable Court.

Connecticut Rules of Court Section 4010
Exposition of Time limitation states:

"st day Shall and first day shall not be counted. Time Shall be
~~unted~~nted by Calender and not by working days.

See this ha... "

Exhibit

TOLLAND COUNTY SUPERIOR COURT

69 BROOKLYN STREET

ROCKVILLE CONNECTICUT 06066


FEBRUARY 20, 1995


re. JOHNSON VS. WARDEN - CASE NO CV -92 000 1603


DEAR CLERK.

please be advised, that i am the petitioner in the above caption case

i am requesting a copy of my evidentiary hearing transcripts of january 6- 1995.


the reason why i am asking you. and your court for this request, is because the availability of my appeal, for my defense


i would like to hear from you, or whomever you may select to this request at your earliest possible convenience

```
                                        THANK YOU
                                        SINCERELY
                                        CLOVIS JOHNSON
                                        =189784 MACDOUGALL C I
                                        1153 EAST ST SOUTH
                                        SUFFIELD, CT 06078
```

Denied (No Appeal Pending)

3/1/95   ELI SHOAT
         A/CLERK
         SDWO, 3-1-95

(7)

THE RESPONDENT ARGUMENT WITH REGARD TO THE PETITIONER MAKING NO CLAIM THAT THE FIRST STATE HABEAS COURT FACTUAL FINDING ARE "UNREASONABLE" WITHIN THE MEANING OF 28 U.S.C § 2254 (d)(2). IS WITHOUT FACT;

PETITIONER RAISE BOTH CLAIM IN HIS PETITION TO THE APPELLATE COURT AND STATE SUPREME COURT. BUT UNSUCCESSFULLY THE PETITIONER BRIEF WAS DENIED; THE CHANCE TO BE HEARD.

THEREFORE THE PETITIONER DID NOT DELIBERATELY BYPASS A DIRECT APPEAL.

THE PETITIONER THEREFORE WISH TO SUBMIT THE FOLLOWING DISCUSSION, FROM THE UNSUCCESSFULLY PETITION – WHICH WAS INTENDED TO ARGUE SEE NEXT PAGE

## DISCUSSION

Whether the first habeas court erred when it denied the Petitioner in its finding that at no time during the plea canvass or sentencing did the Petitioner object to seek clarification over voice confusion.

## FACT PERTAINING TO THE FIRST HABEAS COURT ERRED AS FOLLOWS:

While there is ordinarily no requirement that the defendant object to a violation of the plea agreement at sentencing, see Paradiso v. United States. 689 F.2d 28, 30 (2D Cir. 1982.) U.S. 103 S. v. Corsentino, 685 F.2d 48, 50-51 (2D Cir. 1982)

## EMPHASIS ADDED

THE Second STATE HABeas Court ERRed IN dismissing Petitioner WRIT of HABeas CorPus AND denying THE Timely Certification To APPeal.

## SUPPORTING FACT

Under Statute defining HABeas CorPus. Jurisdiction of THE Federal Judiciary IN RESPect of Persons IN STATE Custody, once THE Federal Jurisdiction has ATTACHed IN DISTRICT Court IT IS NOT defeated My HABeas STATES Court Conclusion. THE Petitioner Prior To Completion of Proceeding on Such APPlication AND HENCE EXPIRATION of Petitioner Sentence Before His APPlication for HABeas CorPus Finally Adjudicated AND While IT Was Awaiting APPellate Review, did NOT TERMINATE Federal Jurisdiction WITH ReSPect To THE APPlication.

The issue presented here is whether the expiration of Petitioner sentence before his application was finally adjudicated and while it was awaiting appellate review, terminates Federal jurisdiction with respect to the application.

James P. Carafas v. J. Edwin Lavallee 391 U.S. 234; Fislvick v. United States, 329 U.S. 211, 222, 67 S. Ct 224, 230, 91 L. Ed. 196 (1946), Ginsberg v. New York 390 U.S. 629, 633-634, n. 2, 88 S./Ct 1274, 1277-1278, 20 L.Ed. 2d 195 (1968); Fislvick v. United States, Supra, 329 U.S. at 222, n. 10, 67 S. Ct., at 230. United States v. Morgan, 346 U.S. 502, 512-513, 74 S. Ct 247, 253, 98 L.Ed. 248 (1954).

THE RESPONDENT ARGUMENT WITH REGARD TO THE SECOND STATE HABEAS COURT FINDING IS CONTRARY TO THE ABOVE SUPPORTING FACTS

THE FOLLOWING CLAIM IS AN EXTENSION FROM THE PETITIONER APPELLATE BRIEF

## Claim (4)

The Habeas Court Erred in denying the Petitioner Writ of Habeas Corpus.

## Supporting Facts,

The Habeas Court was to determine whether petitioner was denied effective assistance of trial counsel, at or immediately following sentencing. CF. **United States ex rel. Masell V. Reincke, 261 F. supp. 457 (D. Conn. 1966), Aff'd 383 F. 2d 129 (2d Cir 1967).** Petitioner plea induced by defense counsel's false representation at sentencing. As to what, if anything the prosecutor promised. Under these facts the plea should be vacated, regardless of the prosecutor's lack of complicity with: **United States ex rel. Wissenfeld V Wilkins 281 F.2d 707, 712 (2d Cir.1960).** Neither at the sentencing nor at any time thereafter did trial counsel bring the discrepancy between the sentence and the plea agreement to the Judge's attention, or elected to file a notice of direct appeal immediately; with the above facts: Petitioner has shown that trial counsel's representations fell below an objective standard of reasonableness during sentencing. "Within the range of competence demanded of attorney's in criminal case" **McMann v. Richardson supp. 397 U.S. at 7-11 90 S. Ct. at 1449.** Petitioner was entitled to rely with complete confidence on the advice of his counsel on such an elementary legal proposition; The misinterpretation by the habeas court of the fact as to trial counsel's representation at sentencing, Was "Gross Error" a defendant's attorney has an obligation to inform his client with complete candor and accuracy of the result of plea negotiations. **In the present case petitioner found himself both at the plea canvas and sentencing** Irrevocably bound by his plea, as a result he not only failed to receive the promise which had been assured of by his counsel, the trial judge as well as the prosecutor. He would get but also was foreclosed from exercising his constitutional right to stand trial.

1

Instead, he was sentenced from the terms of the plea agreement. It is generally recognized that a defendant is deprived of the effective assistance of counsel if his counsel's conduct was of such a kind as to shock the conscience of the court and make the proceedings a farce and mockery of justice. Compare, **United States v. Horton, 334 F.2d 154 (2d Cir. 1964), United States v. Wight, 176 F.2d 376, 379 (2d Cir. 1949); United States v. Boucher v. Reinke, 341 F2d 977, 982 (2d 1965), Untited States ex rel Maselli v. Reinke supra.** There is conduct of such a kind in the present case: **In view of the fact that plea agreements are subject to Contract Law Standards of interpretation. Is so horribly inept as to amount to breach of the plea.** See United States v. Burruezo 704 F2d 33 (1983) See Santobello v. New York 404 U.S. 257, 262, 92 S. Ct. 495, 498. 30 L Ed 2d 427 (1971), and his legal duty faithfully to represent his client's intrest. **United States ex rel Maselli v. Reinke supra at 132.** Quoting from **Kennedy v. United States, 259 F. 2d 883. 886 (5th Cir. 1958)** in the present case Counsel's representation fell below an objective standard of reasonableness. Compare, **United States v. Arrnett, 628 F.2d 1162, 1164 (9th Cir. 1979).** Petitioner was denied an opportunity to withdraw his plea contract; As the language from Santobell makes clear a plea bargain is Contractual in nature.



**Claim (5)**

The Habeas Court abused it Discretion in this matter. 

**Supporting Facts**

Resolution of the good faith; disputes over the terms of an agreement should be made by the District Court, To whom the plea was originally submitted, on the basis of adequate evidence; <u>United States v. Smmons,</u> 537 F.2d 1266 (4th Cir. 1976). As the X language from the sentencing Judge makes clear, in the plea canvass Petitioner Exhibit 2.b. Petitioner has meet his burden of showing the decision reached by the Habeas Court, to remanded portion of the case to the sentencing Judge, was directly contrary and non binding to the facts that the Habeas Court read the plea canvass transcript, with full knowledge of the sentencing Judge's comment. "<u>**A clear insight of a breach of plea**</u>" (the decision in Santobello involved fundamental principles of contract law, Notably those concerning mutually binding promises freely given in exchange for valid consideration). "Plea bargaining in other words, though a matter of Criminal Jurisprudence, is subject to contract law standards. Therefore the terms of the agreement if disputed, are to be determined by objective standards. <u>Johnson v. Beto,</u> ✓ 466 F.2d 478, 480 (5th Cir. 1972), What the parties agreed to in the instant plea bargain is a question of fact. <u>United States v. Gonzales – Hernandez,</u> 481 F.2d 648, 650 (5th Cir. 1973). With the above facts petitioner should have the opportunity to the sentencing Judge comment that set out in the plea canvass exercis as a matter of law and justice. <u>Farrow v. United States,</u> 580 F.2d 1339, 1348-51 (9th Cir. 1978). In addiction to the statutory history of section 2255 the principles of sound. Judicial Administration disfavored review by a different Judge, **580 F.2d at 1350.** These principles parallel those of <u>United States v. Rrobin</u> 553 F.2d 8, 10 (2d Cir. 1977) (enbance)

3

THE PETITIONER

By Clovis Lloyd Johnson
Inmate # 189784
Osborn Correctional Institu
100 Bilton Road, P.O. Box 100
Somers, CT 06071

## Certification of Service

I hereby cerify that a copy of this document was mailed to

Jo Ann Sulik
300 Coporate Place
Rocky Hill, CT 06067

Clovis Johnson
Clovis L. Johnson