UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLOVIS LLOYD JOHNSON,       :

                                       :           PRISONER CASE NO:

     v.                        :           3:01-cv-589 (JCH)

                                         :

LESLIE E. BROOKS and       :

RICHARD BLUMENTHAL      :           DECEMBER 5, 2003

**RULING RE:**
**AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Clovis Lloyd Johnson ("Johnson"), currently confined at the Osborn

Correctional Institution in Somers, Connecticut, brings this action for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 challenging his conviction, pursuant to a guilty plea,

on charges of manslaughter, altering or removing identification marks on a pistol and

carrying a pistol without a permit.  For the reasons set forth below, the amended petition is

denied.

**I.**      <u>Procedural Background</u>

In August 1992, Johnson pled guilty to charges of manslaughter, altering or

removing identification marks on a pistol, and carrying a pistol without a permit.  He was

sentenced to a total effective term of imprisonment of twenty-seven years.  He did not file a

direct appeal.

Johnson filed a petition for writ of habeas corpus in state court on the ground that

his difficulty understanding English caused him to think that the agreed sentence was

twenty-seven months instead of twenty-seven years.  The petition was denied on January

27, 1995, following an evidentiary hearing.  The time for seeking certification from the trial

court to appeal the denial expired ten days later, on February 6, 1995.   Johnson did not file

his petition for certification until March 5, 1995.  The petition was denied as untimely filed.

 On May 14, 1996, Johnson attempted to appeal the denial of certification.  He claimed

that his attorney did not inform him of the time limits for filing an appeal.  The

Connecticut Appellate Court denied the appeal on July 17, 1996, and the Connecticut

Supreme Court denied certification on April 14, 1999.  (See Resp'ts' Mem. App. B at 2-3.)

In 1998, Johnson filed a second state habeas petition raising three grounds:

ineffective assistance of trial counsel, denial of credit for time spent in custody relating to

this arrest, and ineffective assistance of habeas counsel.  The trial court granted the petition

and remanded for resentencing on the second count and denied the petition on the first and

third counts.  Although the trial court denied Johnson's petition for certification to appeal

the denial, the Connecticut Appellate Court entertained an appeal to address whether the

denial of certification was an abuse of discretion.  On July 11, 2000, the Connecticut

Appellate Court dismissed the appeal.  See Johnson v. Commissioner of Correction, 58

Conn. App. 729 (2000).  The Connecticut Supreme Court denied certification to appeal.

See Johnson v. Commissioner of Correction, 254 Conn. 928 (2000).

Johnson filed his first federal habeas petition on May 24, 1999.  The petition was dismissed on October 25, 1999, for failure to exhaust state court remedies.  See Johnson v. Warden, No. 3:99cv975 (AWT)(DFM).

On April 11, 2001, Johnson commenced this action.  He asserted nine grounds for relief in his petition.  After determining that Johnson had exhausted his state court remedies with regard to only three of the claims, the court stayed the action with regard to those three claims and dismissed all claims for which Johnson had not exhausted his state court remedies.[1]  The court also ordered Johnson to commence proceeding in state court by March 1, 2002, to exhaust his state court remedies with regard to the remaining unexhausted claims and to file a notice by March 11, 2002, reporting that he had complied with the court's order.  The court cautioned Johnson that the federal habeas petition did not toll the limitations period for filing a federal habeas petition.  Johnson failed to file the required notice.  Thus, on April 8, 2002, the court vacated the stay, dismissed the case in its entirety and determined that no certificate of appealability would issue.

-----

[1]    The United States Court of Appeals for the Second Circuit has cautioned the district courts not to dismiss a mixed petition containing exhausted and unexhausted claims where an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court.  The Second Circuit advised the district court to stay the petition to permit the petitioner to complete the exhaustion process and return to federal court.  See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001).

On May 2, 2002, Johnson filed a third federal habeas petition, No. 3:02cv376 (JCH), including only the claims from the second petition for which he had exhausted his state court remedies. The respondent moved to dismiss the petition as untimely filed. The court agreed that the third petition was untimely, but construed the petition as Johnson's attempt to file an amended petition in this, the second, federal habeas action. The third case was dismissed, a copy of the petition was docketed as an amended petition in this case, and the court ordered the respondents to address the merits of Johnson's claims.

## II.    Standard of Review

The federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in state custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court. See Estelle v. McGuire, 502 U.S. 62, 68 (1991); Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), significantly amended 28 U.S.C. §§ 2244, 2253, 2254, and 2255. The amendments "place[] a new constraint" on the ability of a federal court to grant habeas corpus relief to a state prisoner with respect to claims adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362, 412 (2000). The federal court

4

cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context." Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002).

A decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court] ha[s] done on a set of materially indistinguishable facts." Bell v. Cone, 535 U.S. 685, 694 (2002). A state court decision is an "unreasonable application" of clearly established federal law "if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the particular case." Id. When considering the unreasonable application clause, the focus of the inquiry "is on whether the state court's application of clearly established federal law is objectively unreasonable." Id. The Court has emphasized

that "an unreasonable application is different from an incorrect one." Id. (citing Williams,
529 U.S. at 411 (holding that a federal court may not issue a writ of habeas corpus under
the unreasonable application clause "simply because that court concludes in its independent
judgment that the relevant state-court decision applied clearly established federal law
erroneously or incorrectly")). In both scenarios, federal law is "clearly established" if it may
be found in holdings, not dicta, of the Supreme Court as of the date of the relevant state
court decision. Williams, 519 U.S. at 412.

When reviewing a habeas petition, the federal court presumes that the factual
determinations of the state court are correct. The petitioner has the burden of rebutting
that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See Boyette
v. Lefevre, 246 F.3d 76, 88-89 (2d Cir. 2001) (noting that deference or presumption of
correctness is afforded state court findings where state court has adjudicated constitutional
claims on the merits).

Collateral review of a conviction is not merely a "rerun of the direct appeal." Lee v.
McCaughtry, 933 F.2d 536, 538 (7th Cir.). Thus, "an error that may justify reversal on
direct appeal will not necessarily support a collateral attack on a final judgment." Brecht v.
Abrahamson, 507 U.S. 619, 634 (1993) (citations and internal quotation marks omitted).

III.  **Discussion**

In the amended petition, Johnson raises the ground contained in his first state habeas

6

petition, that his difficulty understanding English caused him to think his sentence would be twenty-seven months instead of twenty-seven years, and the first and third grounds raised in the second state habeas petition, that he was afforded ineffective assistance of counsel at trial and during the guilty plea and again on the first state habeas petition.

### A.     Misunderstanding Regarding Length of Sentence

Johnson first argues that his difficulties understanding English caused him to misunderstand the recommended sentence in the plea agreement to be twenty-seven months rather than twenty-seven years.  The respondents argue that this claim is barred by Johnson's procedural default in state court.  In addition, they argue that the presumption of correctness afforded state court factual findings requires dismissal of this claim.

The court first considers the respondents' argument that Johnson's procedural default in state court bars consideration of this claim.  The availability of review on the merits of a constitutional claim is limited by various procedural barriers, such as statutes of limitation and rules governing procedural default and exhaustion of state court remedies.  See Daniels v. United States, 532 U.S. 374, 381 (2001).  When a habeas petitioner has failed to comply with state procedural requirements, the claims will not be reviewed on a federal petition for writ of habeas corpus unless the petitioner can demonstrate cause for his state-court default and prejudice resulting therefrom.  The only exception to this prohibition is where the petitioner can demonstrate that the failure to review the federal claim will result

in a fundamental miscarriage of justice.  See Edwards v. Carpenter, 529 U.S. 446, 451

(2000) (citations omitted).[2]

The respondents have provided a copy of a portion of a letter Johnson sent to the

state court on March 9, 1995, seeking reconsideration of his petition for certification to

appeal the denial of the first state habeas petition.  Johnson acknowledges that the petition

was denied on January 27, 1995, that he received the decision on January 31 or February 1,

1995, and that he was required to file his petition for certification to appeal within ten

calendar days from the issuance of the notice of certification.  Despite his recitation of these

facts, Johnson appears to have calculated the time limit from the date he received the notice

and decision, not from the date of issuance, and mailed his petition on February 8, 1995,

two days after the limitations period expired.[3]  (See Resp'ts' Mem. App. B at 1.)  The state

court denied the petition as untimely filed, (see Am. Pet. at p. 6), and the Connecticut

---

[2]  The Supreme Court interprets this exception to mean that the constitutional violation "has probably resulted in the conviction of one who is actually innocent."  Murray v. Carrier, 477 U.S. 478, 496 (1986).  Nowhere does Johnson argue that he is innocent of all charges.  Thus, the exception does not apply.  See Schlup v. Delo, 513 U.S. 298, 316 (1995) (requiring that petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error" to satisfy the fundamental miscarriage of justice exception).

[3]  A complete copy of the letter is attached to the original petition filed in this case.  (See Pet., Doc. No. 1, Ex. D-1.)  Although Johnson argued that he should not be penalized for any delay caused by the U.S. Postal Service that caused his petition to reach the court after the deadline expired, he has conceded in the letter that he did not mail the petition timely.

Appellate Court later denied Johnson's motion, filed over one year later, for permission to

file an appeal out of time.  (See Resp'ts' Mem. App. B at 2.)  The Connecticut Supreme

Court denied certification without reference to the procedural default.  (See Resp'ts' Mem.

App. B at 3.)

> Where there has been one reasoned state judgment rejecting a
> federal claim, later unexplained orders upholding that judgment
> or rejecting the same claim rest upon the same ground. . .
> .[W]here, as here, the last reasoned opinion on the claim
> explicitly imposes a procedural default, we will presume that a
> later decision rejecting the claim did not silently disregard that
> bar and consider the merits.

Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  Thus, the court presumes that the

decision of the Connecticut Supreme Court was based upon Johnson's procedural default as

documented by the Connecticut Superior and Appellate Courts.

In the amended federal petition, Johnson states that trial counsel failed to inform

him that he could file an appeal following a guilty plea and that counsel on the first state

habeas petition failed to inform him of the statutory time limits for filing an appeal.  (See

Am. Pet. at ¶¶ 14, 16(a)(8).)  The letter provided by the respondents, however shows that

Johnson was aware of the time limit before the limitations period expired.  Thus, Johnson

has not demonstrated cause for his procedural default.

To obtain review of this claim, Johnson must demonstrate both cause and prejudice.

Because he has not shown cause for the procedural default, the court need not address the

prejudice prong of the test.  The amended petition is denied on the first ground for relief because Johnson's procedural default precludes federal review of the claim.

Further, even if this claim were not barred by Johnson's procedural default, habeas corpus relief should be denied.  In its decision denying Johnson's first state habeas petition, the Connecticut Superior Court described the facts underlying this claim as follows:

> The petitioner claims his confinement is unlawful because he misunderstood the sentenced to be recommended by the prosecutor in exchange for his agreement to change his pleas to guilty.  Specifically, the petitioner avers that he believed the plea agreement called for a recommended sentence of twenty-seven months instead of twenty-seven years.
>
> The petitioner testified at the habeas hearing that he emigrated to the United States from his native Jamaica.  In Jamaica he attended school through the third or fourth grade.  He indicated that his primary language was a Jamaican patois and that he encounters difficulty communicating with and comprehending English speakers from the United States.  He further remarked that his trial counsel, Attorneys Beth Merkin and Jerome Rosenblum, instructed him that he should ask no questions of the trial court during the judge's canvass of his guilty pleas, but he was to respond to the judge's questions with answers supplied to him by counsel.  He also stated that he first learned that the length of his sentence was twenty-seven years after he arrived at Somers prison.
>
> Rosenblum also testified at the habeas hearing.  He related that, although the petitioner's accent required Rosenblum to listen carefully when the petitioner spoke, he was able to communicate smoothly and effectively with the petitioner.  Rosenblum stated that he was lead counsel and engaged in numerous conversations with the petitioner concerning his

case.  Rosenblum noted that the prosecution had made an offer to recommend twenty-five years to serve early on in the case, that Rosenblum conveyed this offer to the petitioner, and that the petitioner rejected the offer.  After jury selection began, the petitioner decided to change his plea.  At that point, the prosecution was willing to recommend a sentence of twenty years to serve on the manslaughter count, five years on the carrying without a permit, and two years on the altered identification number count, consecutive to each other, for a total, effective sentence of twenty-seven years incarceration.  Rosenblum added that he explained this offer to the petitioner in detail and that, contrary to the petitioner's testimony, the petitioner correctly understood the terms of the offer.

He also related that he requested no interpreter because the petitioner did not need one.  Rosenblum denied that, at the plea hearing, the petitioner merely regurgitated answers fed to him by Rosenblum or anyone else.

The court has reviewed the transcripts of the plea and sentencing hearings . . . .  When the trial court inquired as to the petitioner's understanding of the proposed plea agreement, the court employed the words "year" or "years" seven times . . . .  During the sentencing hearing, the prosecutor reiterated the specific terms of the recommended sentence and used the word "years" four times . . . .  In pronouncing the sentence, the court also spoke the word "years" four times . . . .  At no time during the canvass or sentencing proceeding did the petitioner object to, seek clarification of, or voice confusion over the stated agreement.

Credibility is for the trier-of-fact to determine.  The court finds Rosenblum's version of the events to be credible and accurate, and the court finds that the petitioner knew the plea agreement called for a total, effective sentence recommendation of twenty-seven years to serve.  The petitioner conceded that, at the time he pleaded guilty, he understood the difference

11

> between the English words "year" and "month." Also at that
> time the petitioner was serving another prison sentence of eight
> years, suspended after four years for a narcotics conviction. It
> strains credibility to suggest that the petitioner believed that he
> was to receive a lesser sentence for intentionally shooting and
> killing a person than for a narcotics violation. In short, based
> on all the evidence adduced, the court disbelieves the
> petitioner's claim that he misunderstood the plea agreement
> and recommended sentence.

Johnson v. Warden, State Prison, No. CV 92 1603 S, 1995 WL 43632, at **1-**2 (Conn.

Super. Ct. Jan. 27, 1995).

If the state court has considered a claim on the merits and the petitioner has not

presented clear and convincing evidence to the contrary, the federal court presumes that the

state court's factual determinations are correct. See 28 U.S.C. § 2254(e)(1); Boyette, 246

F.3d at 88-89. Here, the state court decision is supported by specific references to the

evidence presented at the hearing and the credibility of the witnesses.

Johnson has not rebutted that presumption of correctness by presenting clear and

convincing evidence to the contrary. Although Johnson argues that the attorney who

represented him in his first state habeas proceeding considered this a viable claim, the state

court rejected this assessment in its ruling on Johnson's second state habeas petition.

> It is obvious to the court from a reading of the transcript of the
> plea proceeding that the petitioner understood far more that
> [his attorney on the first state habeas petition] gave him credit
> for by the difference in the manner the English language was
> accented. His responses were appropriate on every occasion
> even though it required moving from a[n] affirmative answer

to one that was negative.

<u>Johnson v. Warden</u>, No. CV960563626, 1998 WL 211932, at **2 (Conn. Super. Ct. Apr. 17, 1998).  Johnson has identified no evidence that would cause this court to question the factual findings of the state court on the first or second habeas petition.  Thus, the court presumes that the state court's factual determinations are correct.

After careful review, the court concludes that the state court decision that Johnson understood the sentence to be twenty-seven years is a reasonable application of the law to the facts of the case.  Thus, habeas relief would be denied after a consideration of the merits of this claim as well.

### B.     <u>Ineffective Assistance of Trial Counsel</u>

The court next considers Johnson's claim that he was afforded ineffective assistance of counsel at trial and in connection with the guilty plea.  Johnson contends that trial counsel were ineffective by recommending a guilty plea instead of securing the trial testimony of eyewitness Glen Jackson, to support Johnson's claim of self-defense.

An ineffective assistance of counsel claim is reviewed under the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  To prevail, Johnson must demonstrate, first, that counsel's conduct "fell below an objective standard of reasonableness" established by prevailing professional norms and, second, that this incompetence caused prejudice to him.  <u>Id.</u> at 687-88.  Counsel is presumed to be competent.  Thus, "the burden rests on the

accused to demonstrate a constitutional violation." United States v. Cronic, 466 U.S. 648,

658 (1984).  To satisfy the prejudice prong of the Strickland test, Johnson must

demonstrate that there is a "reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Strickland, 466 U.S. at

694.  "Reasonable probability" is defined as "a probability sufficient to undermine

confidence in the outcome" of a trial.  Id.  When the ineffective assistance of counsel claim

is premised on counsel's strategies or decisions, the petitioner must demonstrate that he was

prejudiced by his counsel's conduct.  To demonstrate prejudice in the context of a guilty

plea, the petitioner must demonstrate that "counsel's constitutionally ineffective

performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59

(1985).  That is, the petitioner must demonstrate "that there is a reasonable probability

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial." Id.  Where the petitioner claims that counsel failed to advise him of

available defenses, the "prejudice" inquiry must address objectively whether the defense

likely would be successful at trial.  See id.  To prevail, Johnson must demonstrate both

deficient performance and sufficient prejudice.  See Strickland, 466 U.S. at 700.  Thus, if

the court finds one prong of the standard lacking, it need not consider the remaining prong.

In their analysis, the Connecticut Superior and Appellate Courts applied the standard

established in Strickland and refined in the context of a guilty plea in Hill v. Lockhart, 747

14

U.S. 52 (1985).[4]  Because the state courts applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1).  Thus, Johnson may obtain federal habeas relief only if the state court decisions were an unreasonable application of that standard to the facts of this case.

In considering whether counsel provided effective assistance when he recommended that his client plead guilty rather than pursue an affirmative defense, the Supreme Court stated that "the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial."  Hill, 474 U.S. at 59.  Such a prediction "when necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'"  Id. at 60.  See also Flores-Ortega, 528 U.S. at 485 (stating that evidence of nonfrivolous grounds for appeal was "highly relevant" in determining whether counsel was ineffective for failing to file notice of appeal).  Where counsel failed to inform a criminal defendant of a possible defense, the Second Circuit has held that "this prong of the inquiry is not satisfied merely by [petitioner's] testimony that he would have gone to trial had he known of the defense, . . . since a defendant's testimony after the fact suffers from obvious credibility problems."  Panuccio, 927 F.2d at 109 (internal citations omitted).

---

[4]     The Connecticut Superior Court cited Copas v. Commissioner, 234 Conn. 139, 662 A.2d 718 (1995), a state decision citing Hill as the appropriate standard for evaluating an ineffective assistance of counsel claim in the context of a guilty plea.

In connection with Johnson's second state habeas petition, the Connecticut Superior Court made the following findings and legal conclusions with regard to Johnson's claim that trial counsel were ineffective because they recommended that he accept the guilty plea rather than present the testimony of Glen Jackson in support of a self-defense claim:

> The petitioner brings this petition for a writ of habeas corpus alleging in the first count that his criminal trial attorney[s], Jerome Rosenblum and Beth Merkin, were ineffective in that they coerced him to terminate his jury trial in that his eyewitness, Glen Jackson who gave an affidavit that the petitioner who struggled for the gun with which the victim was trying to shoot the petitioner when it accidently went off, would not be believed. . . .
>
> The petitioner produced the testimony of Attorney Williams[, petitioner's attorney on the first state habeas petition,] and Attorney Merkin.  Williams testified that he did not raise an issue in the petition for a writ of habeas corpus for the petitioner brought earlier [based upon] the alleged eye-witness, Glen Jackson's account of the incident . . . because it was not consistent with the police evidence and the other eyewitnesses at the scene.  He further testified that Jackson was known to him from previous contact and was not a credible person and was lying about the event.  Ms. Merkin testified that the petitioner had produced that Glen Jackson was an eyewitness who would corroborate the petitioner's account of the shooting of Sharon Little who was shot in the apartment behind a closed apartment door when she drew the gun from her bra and in the struggle with the petitioner for the gun was shot.  She found not only was Jackson vague as to where he was during the incident, but both Jackson and her client gave an account different from the state's eye-witnesses to the event who she found to be credible but also other police evidence from the scene such as that the victim was not wearing a bra

16

and the location of the shell casing at the scene.  She conveyed her thoughts about Jackson to the petitioner by letter. . . .

Glen Jackson was called by the petitioner and claimed to have been called from his bed downstairs from the victim's apartment by the victim.  Jackson testified that he was her "big brother" who helped pacify her relationship with the petitioner and was that night called to break up an argument between the petitioner and one Barbara James.  When he did get upstairs and talked to the petitioner and Barbara to leave the apartment, the victim began trying to shoot the petitioner who was struggling for the gun which went off into the victim.  He didn't wait around for the police because there was a warrant out for his arrest.

The petitioner has introduced the transcript of the plea of the petitioner and the respondent has introduced the transcript of the sentencing of the petitioner.

A successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  Copas v. Commissioner, 234 Conn. 139, 662 A.2d 718 (1995); Strickland v. Washington, 446 U.S. 668, 694, 80 L. Ed. 2d 674, 104 S. Ct. 2052.  The petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness.  Aillon v. Meachum, 211 Conn, 352, 559 A.2d 206.  As Judge O'Keefe in his sentencing remarks stated "He made a wise choice.  He would have gotten more time than twenty-seven years if he was convicted of murder–a very strong likelihood of conviction."  This court has to agree with that observation in viewing the evidence before it.

Johnson v. Warden, No. CV 960563626, 1998 WL 211932, at **1-**2 (Conn. Super. Ct.

Apr. 17, 1998).

17

At the state habeas hearing, the court credited counsel's testimony over that of Johnson and Jackson and concluded that Johnson had not shown that the decision of the trial attorneys caused their representation of Johnson to fall below an objective standard of reasonableness.  In addition, the court determined that Johnson failed to show that, but for this decision, he would not have accepted the plea agreement.  See Johnson v. Warden, 1998 WL 211932 at **2.  Thus, the court concluded that Johnson had not satisfied either prong of the Strickland test and denied the petition on this ground.

The factual findings of the state court are presumed correct.  See 28 U.S.C. § 2254(e)(1).  Johnson has not rebutted that presumption by presenting clear and convincing evidence to the contrary.  He has provided nothing other than his own statement that he believes that the self-defense theory would have been successful if counsel had interviewed and  presented Jackson's testimony.  This bald assertion is insufficient to demonstrate that he was prejudiced by trial counsel's actions.  See Panuccio, 927 F.2d at 109.  Like the petitioner in Panuccio, Johnson's argument that he would have elected to go to trial if counsel had investigated Jackson's story more thoroughly, suffers credibility problems.

This court concludes that the determination of the state court that Johnson was afforded effective assistance of trial counsel is not an unreasonable application of the law. Accordingly, the amended petition for writ of habeas corpus is denied on this ground.

**C.     Ineffective Assistance of Habeas Counsel**

In his final ground for relief, Johnson argues that habeas counsel were ineffective because they also failed to "investigate and secure the testimony of Glenn Jackson."  The respondents argue that, because the petitioner has no right to counsel in collateral proceedings, this claim is not cognizable in a petition for writ of habeas corpus filed in federal court.

Federal habeas relief is available only when a person is in state custody in violation of the United States Constitution or federal law.  See 28 U.S.C. § 2254(a) (requiring that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in state custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Claims that a state conviction was obtained in violation of state law are not cognizable in a federal habeas action.  See Estelle v. McGuire, 502 U.S. 62, 68 (1991); Dunnigan, 137 F.3d at 125.

The Supreme Court has held that the Sixth Amendment right to counsel does not extend to a collateral attack on a conviction.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . .  and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right,

and no further.").  Thus, because there is no constitutional right to counsel in a state habeas

proceeding, Johnson's third ground for relief is not cognizable in a federal habeas action.

The amended petition is denied as to the third ground for relief.

## IV.    <u>CONCLUSION</u>

The amended petition for a writ of habeas corpus [**Dkt. No. 14**] is **DENIED**.

Because Johnson has not made a showing of the denial of a constitutional right, a certificate

of appealability will not issue.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 5th day of December, 2003, at Bridgeport, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge